UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATE OF AMERICA,<br><br>- v. -<br><br>DAVID BREND and GUSTAVO RODRIGUEZ,<br>Defendants. | 1:22-cr-00551 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

I.  **Mistrial Motion**

The parties are familiar with the factual and procedural background of the trial that concluded on March 14, 2024. During jury deliberations, defendants made an oral motion for a mistrial based on a note submitted by the jurors (now designated as Court Exhibit 13). The jurors sent a note after deliberating for about three hours asking to speak with the deputy. The Court responded by telling the jurors to indicate by note any questions or needs that they had. The jury responded: "We have a question about our identity and confidentiality of it post trial. Names were written during jury selection. Some concerns around that."

While the parties were still considering the note and a potential recommended response, the marshal informed the Court that the jury had reached a verdict. The Court orally denied the defendants' motion for a mistrial or to question the jurors about the substance of their deliberations. *See* Trial Tr. at 1604:14-1615:9. The verdict was entered and both defendants were found guilty.

The Court agrees with the arguments raised by the Government in opposition to the motion for a mistrial; in addition to the Court's oral ruling, the defendants' motion was denied for the following reasons. The jury note does not indicate that there were any outside influences on the jury's deliberations or that extraneous information has been received into the

jury room.  Instead, the note poses a question concerning privacy considerations regarding the disclosure of their names.  The note does not state that any juror is fearful, such that it might have impacted the deliberations.  Indeed, a very short time after the note was sent, and before the Court had even responded, the jury reached a verdict.  Each juror also individually signed the verdict sheet, again without waiting for the Court to answer their question, indicating a further lack of significant concern about the disclosure of their names.

*United States v. Ruggiero*, 928 F.2d 1289 (2d Cir. 1991), cited by defense counsel in support of the mistrial motion, does not convince the Court otherwise.  *Ruggiero* involved a juror in a RICO case involving Gene Gotti who was dismissed after he informed the court that he had been approached at home in the dark by two men who confirmed that he was a Gotti juror and that, as a result, he was fearful.  *Id.* at 1297.  The Second Circuit affirmed the district court's rejection of the mistrial motion, *id.* at 1302, even though this juror shared his experience and fear with the other jurors, *id.* at 1296.  The circumstances of the *Ruggiero* racketeering trial and the information shared with the district court judge in that case are far removed from the circumstances here.

In contrast to *Ruggiero*, the note here did not reference fear or violence or intimidation.  Importantly as well, there was no evidence presented at this trial (which concerned a white-collar cryptocurrency fraud) that even hinted at violence, intimidation, or anything of that nature.  The jury was also instructed that they must "decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law."  Trial Tr. at 1586:16-19.  Given that the jury had reached a verdict even before they received a response to their reasonable inquiry about the public disclosure of their names, the Court finds that there was no reason to invade the confidential jury deliberations or grant the motion for a mistrial.  *See Renico v. Lett*, 559 U.S.

766, 774 (2010) ("The decision to declare a mistrial is left to the sound discretion of the judge." (quotation marks and citation omitted)); *United States v. Carson*, 52 F.3d 1173, 1188 (2d Cir. 1995) (reviewing a denial of a motion for mistrial solely for an abuse of discretion).

## II. Post-Trial Deadlines

The parties shall submit letters addressing potential restrictions on the post-trial contacting of jurors by **March 20, 2024**.

Defendants shall submit posttrial motions by **April 18, 2024**. The Government shall respond to Defendants' posttrial motions by **May 23, 2024**. Defendants shall file reply briefs by **June 6, 2024**.

Sentencing is scheduled for David Brend on **June 27, 2024**, at **10:00 a.m.** in Courtroom 20B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, 10007.

Sentencing is scheduled for Gustavo Rodriguez on **June 28, 2024**, at **10:00 a.m.** in Courtroom 20B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, 10007.

Dated: March 15, 2024
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge