UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>- v. -<br><br>DAVID BREND and<br>GUSTAVO RODRIGUEZ,<br><br>               Defendants. | 22-cr-00551-JLR<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

      This Court having held a jury trial from March 4, 2024 to March 21, 2024, IT IS HEREBY ORDERED that the attached Court Exhibits be filed on the docket.

- Court Exhibit 1: Draft *Voir Dire* Questionnaire.

- Court Exhibit 2: Preliminary Jury Instructions.

- Court Exhibit 3: Final *Voir Dire* Questionnaire.

- Court Exhibit 4: Jury Challenge Sheets.

- Court Exhibit 5: Draft Jury Instructions.

- Court Exhibit 6: Draft Verdict Form.

- Court Exhibit 7: Final Verdict Form.

- Court Exhibit 8: Draft Jury Instructions.

- Court Exhibit 9: Final Jury Instructions.

- Court Exhibit 10: Jury Note.

- Court Exhibit 11: Jury Note.

- Court Exhibit 12: Jury Note.

- Court Exhibit 13: Jury Note.

- Court Exhibit 14: Redacted Verdict Form.

Dated: March 18, 2024
       New York, New York

                            SO ORDERED.

                             *Jennifer Rochon*
                             JENNIFER L. ROCHON
                             United States District Judge

**Court Exhibit 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 22 cr. 551 (JLR) |
| DAVID BREND and GUSTAVO RODRIGUEZ, | |
| Defendants. | |

JENNIFER L. ROCHON, United States District Judge:

## QUESTIONS FOR JURORS

**Please indicate if your answer to any of the following questions is "yes" by circling the number of that question.  If your answer to a question is "no," you need not do anything. <u>Do not write your name or make any other marks on the questionnaire</u>.  The only marks you should make are circles around the questions for which the answer is "yes."  If, when asked about a "yes" answer, there is a particularly sensitive issue, please say so and we will speak at the bench.**

## A. <u>General Questions</u>

1.   This trial is expected to last until approximately _____.  Do you have any commitments that would make it impossible for you to serve as a juror at a trial that is expected to end by _____?

2.   Under the law, a defendant is presumed innocent and cannot be found guilty of the crime charged in a particular count of the indictment unless you unanimously find, after hearing all of the evidence, that the evidence proves the defendant's guilt beyond a reasonable doubt with respect to that particular count.  Would you have difficulty accepting and applying this rule of law?

3.   In a criminal case like this one, the burden of proof at all times remains with the prosecution.  It never shifts to the defendant.  For you to return a verdict of guilty as to any charge, the prosecution must prove beyond a reasonable doubt each and every element of the particular count you are considering.  A person charged with a crime has absolutely no burden to prove that he or she is not guilty.  Would you have difficulty accepting this legal principle and applying this rule of law?

4.   When it comes to the law, as opposed to the facts, you must take your instructions as to the law from me, even if you disagree with my explanation of the law.  Would you have difficulty following my instructions as to the law?

5.   If you are selected as a juror, you are required by law to make your decision based solely on the evidence or lack of evidence presented in court, and the rules of law that

I will give to you, and not on the basis of conjecture, suspicion, sympathy, or prejudice.  Would you have difficulty accepting and applying this rule of law?

6.     Under the law, the question of punishment, if any, is for me to decide, and the issue of possible punishment may not enter into your deliberations as to whether the defendant has been proven guilty beyond a reasonable doubt.  Would you have any difficulty accepting and following that rule of law?

7.     A defendant in a criminal case has the right to testify and the right not to testify.  If a defendant does not testify, you may not draw any inference against her based on that decision.  The fact that a defendant chooses not to testify may not enter into your deliberation in any way.  Would you have difficulty accepting this legal principle and following that rule of law?

8.     If any of the witnesses at this trial are law enforcement officers, I instruct you that the fact that the witness is employed by the government does not change in any way the tests that you must apply to determine whether or not the witness is testifying truthfully.  The testimony of a government witness is not entitled to greater or lesser weight simply because the witness is employed by the government.  Would you have difficulty accepting and applying this rule of law?

9.     Some of the witnesses called by the Government may have been involved in some of the crimes charged in the indictment. These witnesses are working with the Government in exchange for certain benefits. There is nothing unlawful about the Government's use of such witnesses. Would you have any bias for or against the Government because of testimony obtained in this manner?

10.    I also instruct you that it is no concern of yours why the Government has chosen to enter into agreements with certain witnesses, and you are not to speculate about the reasons. Would you have any difficulty following my instructions on the law in this regard?

11.    You may hear evidence in the form of audio recordings or text messages, WhatsApp messages, or other communications that were obtained through lawful means but without the knowledge of certain parties to the conversations. Do you have any feelings about the use of recordings, text messages, WhatsApp messages, or other communications that were obtained during lawful searches that would make it difficult for you to render a fair and impartial verdict?

12.    Do you have any ideas, beliefs, or prejudices that would make it difficult for you to follow my instructions as to the law?

13.    Do you have any religious, philosophical, or ethical beliefs that would prevent you from passing judgment on someone?

14.    Do any of you have any opinion about the enforcement of laws that would prevent you from being fair and impartial in this case?

15.   Do you believe that if the law and evidence established the guilt of the defendant beyond a reasonable doubt, you would be reluctant to render a verdict of guilty in this case?

16.   Do you believe that if the government failed to prove the defendant's guilt beyond a reasonable doubt, you would be reluctant to render a verdict of not guilty in this case?

## B.  Knowledge of People or Places

17.   The defendants in this case are David Brend and Gustavo Rodriguez. Do you know, or have you had any dealings, directly or indirectly, with the defendants, or with any relative, friend or associate of the defendants?

18.   To your knowledge, do any of your relatives, friends, associates, or employers know either of the defendants?

19.   Mr. Brend is represented by Patrick Joyce and Yamina Sar Chekroun.  Do you know Mr. Joyce or Ms. Chekroun?  Have you had any dealings with them or individuals in their office?

20.   Mr. Rodriguez is represented by Edward Sapone.  Do you know Mr. Sapone?  Have you had any dealings with him or individuals in his office?

21.   The prosecution, referred to here as the Government, is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, Damian Williams.  The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Michael Maimin and Josiah Pertz, assisted by Semyon Ginzburg and Graham Sugarman who are special agents with the department of homeland security, and Anthony Imperato, Christina Lopresti, and Brandon Veloz, who are paralegals in the United States Attorney's Office. Do you know Mr. Maimim, Mr. Pertz, Special Agents Ginzburg or Sugarman, Mr. Imperato, Ms. Lopresti, or Mr. Veloz?  To your knowledge, have you, your family members, or your close friends had any dealings with any of them?

22.   Do you have any personal knowledge of the charges contained in the indictment as I have described them?

23.   Have you read or heard anything about this case through the media, the Internet, or any other source?

24.   The following individuals, entities, or locations may be mentioned during the trial, or may be witnesses in this case:

     a.[INSERT NAMES, ENTITIES, AND LOCATIONS]

Do you know any of these individuals, entities, or places?  Have you, or has anyone close to you, had any dealings, directly or indirectly, with any of these individuals, entities, or places?

## C.  Personal Experiences and Opinions

25.  Have you, or has anyone close to you, ever studied or practiced law, or worked in any capacity in the legal field or court system?

26.  Have you, or has anyone close to you, ever worked in law enforcement, criminal defense, or private investigation?

27.  Do you, or has anyone close to you, have any affiliation – professional, business, or social, direct or indirect – with any member of the United States Attorney's office in the Southern District of New York or the Department of Homeland Security or Homeland Security Investigations?

28.  Have you or anyone close to you worked in the securities industry, in financial services, or as an investment advisor?

29.  Are you familiar with multilevel market network investment strategies?

30.  Have you ever served as a member of a grand jury?

31.  Have you ever served as a juror in any court?

32.  Have you or any member of your family ever been employed by the city, state or federal government?

33.  Have you or any member of your family ever been a witness or a complainant in any prosecution, state or federal?

34.  Have you or has any member of your family ever been under subpoena or been close to being subpoenaed in any criminal case?

35.  Have you or anyone close to you ever been stopped or questioned by any member of the Department of Homeland Security: Homeland Security Investigations?

36.  Have you or has any member of your family ever been the subject of an investigation or accusation by a grand jury, either federal or state, or by a Congressional committee?

37.  Have you or has any member of your family ever been involved or appeared as a witness in any investigation by a federal or state grand jury, a Congressional or state legislative committee, a licensing authority or a government agency?

38.  Have you or anyone close to you ever been arrested or charged with a crime?

39.  Have you or has any member of your family ever been the victim of a serious crime?

40.  Does the fact that the charges involve cryptocurrency affect your ability to render a fair verdict?

41.   Have you or anyone close to you ever mined or traded cryptocurrency?

42.   Have you or anyone close to you ever lobbied, petitioned, or worked in any other manner for or against any laws or regulations relating to cryptocurrency?

**D.  Difficulties in Understanding or Serving**

43.   Do you have any problems with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

44.   Are you taking any medication, or do you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

45.   Do you have any difficulty in reading or understanding English?

46.   Is there anything that I have not asked you about that would make you feel like you cannot be a fair and impartial juror in this case?

**Court Exhibit 1**

<u>Questions for Individual Jurors</u>

1.  Please state your name, your county of residence, your borough if you live in one, and your neighborhood.  Have you lived in this county for more than 5 years?

2.  How old are you?

3.  Do you rent or own your home?

4.  How far did you go in school and what schools did you attend, beginning with high school?  (If college, what was your field of study in college?)

5.  Are you employed?  If so, who is your employer and what are your general job duties?  (If retired or unemployed, please identify your last employer and general job duties.)

6.  How long have you been employed in your current position?  If fewer than five (5) years, where else did you work in the last five (5) years?

7.  Who are the members of your household and for whom do they work?

8.  If you have grown children, for whom do they work?  If any are college students, what is their field of study?

9.  Do you belong to any social, union, professional, political, or religious organizations or clubs?  If so, which ones?

10. Where do you typically get your news (for example, print, television, cable news, radio, websites, social media)?  Which papers, shows, or sites in particular?

**Court Exhibit 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 22 cr. 551 (JLR) |
| DAVID BREND and GUSTAVO RODRIGUEZ, | |
| Defendants. | |

JENNIFER L. ROCHON, United States District Judge:

## **PRELIMINARY JURY INSTRUCTIONS**

## 1.  **Role of Judge and Jury**

    **A.** Now that you have been sworn, let me give you some instructions about your duties as jurors.  In the American system of justice, the judge and the jury have separate roles.

    **B.** My job is to instruct you as to the law that will govern this case, and I will give you most of those instructions at the very end of the trial, although I will give you some, including these, before the end.  You **must** take your instructions on the law from the Court – that is, from me – and you are bound by those instructions.  You may not substitute your own ideas of what the law is or what you think the law should be.

    **C.** Your job as jurors will be to determine the facts based on the evidence that comes in during the course of the trial.  You are the only deciders of the fact issues, and your determination of the facts will control.

    **D.** Please do not take anything that I say or do during the course of the trial as indicating that I have a view as to your factual determinations or ultimate verdict here.  Those decisions are for you.  I will focus on the law.

    **E.** At the conclusion of the case, your job will be to enter a verdict of guilty or not guilty on the counts presented to you here, according to my instructions on the law.

## 2. Preliminary Legal Instructions

**A.** Let me preview for you a few instructions now so that you can keep them in mind as you hear the evidence. I mentioned these, and others, earlier, so bear with me as I just reinforce a few items before we begin.

**B.** The charge here is contained in an indictment. An indictment was voted on by a grand jury and is simply the way that the government brings people into court to respond to the charges that the government wishes to bring.

**C.** The indictment, again, is not evidence of guilt. It does not change in any way the presumption of innocence that the law gives to the defendant.

**D.** Under the law, a defendant is presumed innocent and cannot be found guilty of the crime charged in a particular count of the indictment unless you unanimously find, after hearing all of the evidence, that the evidence proves the defendant's guilt beyond a reasonable doubt with respect to that particular count. In other words, when you consider whether the Government has met its burden of proof, you must consider each count of the Indictment separately.

**E.** The burden of proof at all times remains with the prosecution. It never shifts to the defendant. For you to return a verdict of guilty as to any charge, the prosecution must prove beyond a reasonable doubt each and every element of the charge you are considering. A person charged with a crime has absolutely no burden to prove that he or she is not guilty.

**F.** Now, if, after careful consideration of all the evidence presented during the trial and following the rules of law that I will give you, you have a reasonable doubt as to the defendant's guilt, you must acquit the defendant, that is, find the defendant not guilty. On the other hand, if, after careful consideration of all the evidence presented and following the rules of law that I will explain to you, you have no reasonable doubt as to the defendant's guilt, you must convict the defendant. That is, find the defendant guilty.

**G.** A defendant in a criminal case has the right to testify and the right not to testify. If a defendant does not testify, you may not draw any inference against her based on that decision. The fact that a defendant chooses not to testify may not enter into your deliberation in any way.

**H.** The function of the jury is to decide all the issues of fact. You, who will be selected as jurors in this case, will be the sole and exclusive judges of the facts. And nothing I say

and nothing the lawyers say can interfere in any way with the decisions you make about the facts in this case.

**I.** You must, however, render your decisions about facts without bias or prejudice, without sympathy or suspicion for or against any party.

**J.** Now, when it comes to the law, as opposed to the facts, you must take your instructions as to the law from me.  You may not substitute your own views of what the law is or should be.  At the conclusion of the case, your job will be to determine whether the government has proven the defendant guilty beyond a reasonable doubt of the charge in the indictment according to my instructions as to the law.

**K.** The question of punishment is for the Court, or me, alone, and the issue of possible punishment may not enter into your deliberations at all as to whether the defendant has been proven guilty beyond a reasonable doubt.  The jury must simply decide whether the government has carried its burden of proof, that is, proving the defendant guilty beyond a reasonable doubt.

**L.** If any of the witnesses at this trial are law enforcement officers, I want to instruct you that the fact that the witness is employed by the government does not change in any way the tests that you must apply to determine whether or not the witness is testifying truthfully. The testimony of a government witness is not entitled to greater or lesser weight simply because the witness is employed by the government.

**M.** Some of the evidence admitted at trial may come from searches performed by law enforcement officers.  I instruct you that those searches were legal and that the evidence obtained from those searches is admissible in this case.

**N.** Some of the evidence in this case is in Spanish, and some witnesses may testify in Spanish.  It will be translated into English for you.  Even if you speak or understand Spanish, you must accept the English translation provided in Court, as opposed to trying to translate the evidence or testimony on your own.  That a witness is participating with the aid of an interpreter is not evidence of anything, and you are not to draw any negative inferences against the witness, the defendant, or the government because of the witness's use of an interpreter.

## 3.  Order of Trial

**A.** Let me explain how the trial will proceed.

**B.**  The first step in the trial is that the government and defense counsel have an opportunity to make opening statements to you.  Opening statements of counsel are not evidence, but they are a very important part of the case, because it is the opportunity for the attorneys to preview for you what they expect the evidence will show.  So it's helpful to put everything in context.

**C.**  After opening statements, the government calls its witnesses.  It asks questions of those witnesses.  That's called direct examination.  And then defense counsel has an opportunity, if they would like, to ask questions.  That's called cross-examination.  And that continues – direct and cross, redirect, recross – until a witness's testimony is over.

**D.**  When the government has called all its witnesses and offered all its evidence, then the defendant has an opportunity to present evidence, but remember, the burden rests only on the government to prove the defendant guilty beyond a reasonable doubt. Therefore, the defendant has no obligation to present any evidence, but the defendant has an opportunity to do so if the defendant would like to.

**E.**  From time to time during the trial it may become necessary for me to talk with the lawyers outside of earshot of the jury, either by having a conference at the bench when the jury is present in the courtroom – what we call a "sidebar" – or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of any conference outside your presence is not to keep relevant information from you, but to decide certain procedural issues or how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

**F.**  After the presentation of evidence is completed, there will be closing arguments by counsel to summarize the evidence.  Just as the lawyers' opening statements are not evidence, their closing arguments are not evidence either.

**G.**  Following closing arguments, I will instruct you on the law.  Then you will retire to deliberate on your verdict, which must be unanimous, and must be based on the evidence presented at trial.

## 4.   What Is and Isn't Evidence

**A.**  What, then, is evidence?  Evidence consists only of the testimony of witnesses, documents and other things admitted as evidence, or any stipulations agreed to by the attorneys.  Some of you probably have heard the terms "circumstantial evidence" and "direct evidence."  Do not be concerned with these terms.  You are to consider all the evidence given in this trial.

**B.** Certain things are not evidence and must not be considered by you.  The following is a list of what is not evidence:

    **i.** <u>First</u>, statements and questions by any of the attorneys are not evidence.  Nor are any statements that I may make.  And, as I said a moment ago, opening and closing statements by counsel are not evidence.

    **ii.** <u>Second</u>, objections to questions are not evidence.  Counsel for the parties are permitted to raise an objection when they believe that evidence being offered is improper under the rules of evidence.  You should not be influenced by the objections or by my rulings on them.  If an objection is sustained, ignore the question and any answer that may have been given.  If it is overruled, treat the answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

    **iii.** <u>Third</u>, testimony that I have excluded or told you to disregard is not evidence and must not be considered.

    **iv.** <u>Fourth</u>, anything you may have seen or heard outside the courtroom is not evidence and must be disregarded.  You are to decide the case based solely on the evidence presented here in the courtroom.

**C.** You may or may not be shown by the attorneys charts, schedules, or summaries in order to make the other evidence more meaningful and to aid you in considering the evidence.  They are called demonstratives.  They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence.  Therefore, you are to give no greater consideration to these charts, schedules, or summaries than you would give to the evidence upon which they are based.

    **i.** It is for you to decide whether the charts, schedules, or summaries correctly present the information contained in the testimony and in the exhibits on which they were based.  You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

**5.  Evaluating the Evidence**

**A.** In deciding the facts of the case, you will have to decide the credibility of the witnesses – that is, how truthful and believable they are.  There is no formula for evaluating evidence.

    **i.** For now, suffice it to say that you bring with you into this courtroom all of the experience and background of your lives.  Do not leave your common sense outside the courtroom.  The same types of tests that you use in your everyday dealings are the tests that you should apply in deciding how much weight, if any, to give to the evidence in this case:

        **a.** Did they appear to be telling the truth?

        **b.** Did they have a motive to tell you the truth or to lie?

        **c.** Did they appear to have a good recollection of the events they're describing?

    **ii.** Any test that you apply normally in making assessments of reliability and credibility, you can use here.  Sometimes, of course, it's not what a witness says but how they say it that can be important to that determination.

**B.** The law does not require you to accept all of the evidence admitted at trial.  In determining what evidence you accept, you must make your own evaluation of the testimony from each of the witnesses and the exhibits that are received in evidence.

**C.** It is essential, however, that you keep an open mind until you have heard all of the evidence in the case.  A case can be presented only step by step, witness by witness.

**D.** As you know from experience, you can hear one person give his or her version of an event and think it sounds very impressive or even compelling, and yet, upon hearing another person's version of the same event – or even the same person cross-examined with respect to the event – things may seem very different.  In other words, there may be another side to any witness's story.

**E.** You should use your common sense and good judgment to evaluate each witness's testimony based on all of the circumstances.  Again, I cannot emphasize too strongly that you must keep an open mind until the trial is over.  You should not reach any conclusions until you have all the evidence before you.

**6.**   **Rules of Conduct**

**A.** Finally, let me caution you about certain rules and principles governing your conduct as jurors in this case.

**i.** <u>First</u>, you must <u>not</u> talk to <u>each other</u> about this case until the end of the case when you go to the jury room to decide on your verdict. Why do we have that rule? We have that rule because we know it's human nature that if you start discussing something, you start expressing a point of view, and then you start defending the point of view, and then you start agreeing or disagreeing with each other. We don't want you to do that until all the evidence is before you. During deliberations, that's the time to discuss the case.

**ii.** <u>Second</u>, do <u>not</u> communicate with <u>anyone else</u> about this case until the trial has ended and you have been discharged as jurors. Anyone else includes members of your family and your friends. And no communicating about the case means no communicating on Facebook, Twitter/X, blogs, or whatever. You may tell your family and friends that you are a juror in a criminal case, but please do not tell them anything else about it until you have been discharged by me. Do not comment on social media about this case or the fact that you are a juror; do not update your status or any website to reflect that you are a juror.

**iii.** <u>Third</u>, do <u>not</u> let anyone talk to <u>you</u> about the case. If any person should attempt to communicate with you about this case at any time throughout the trial, either in or out of the courthouse, you must immediately report that to my Deputy and to no one else. When I say report that communication to no one else, I mean that you should not tell anyone, including your fellow jurors.

    **a.** To minimize the probability of any such improper communication, it is important that you go straight to the jury room when you come in in the morning and that you remain in the courtroom or the jury room for the duration of the trial day. Do not wander around the Courthouse. You should use the bathrooms in the jury room rather than the bathrooms on this or any other floor; as you were probably told already, you may not use the cafeteria. Given that our morning and afternoon breaks will be short, it is best that you remain in the jury room if you can.

**iv.** <u>Fourth</u>, do <u>not</u> do any research or any investigation on your own about the case or about anyone who has anything to do with the case. During the course of the trial, you will receive all the evidence you may properly consider to decide the case. Because of this, unless and until you are excused as a juror, you should not attempt to gather or review any information on your own relating to the case. This means:

    **a.** Do <u>not</u> engage in any outside reading on this case.

    **b.** Do <u>not</u> attempt to visit any places mentioned in the case.

    **c.**  Do <u>not</u> use the Internet — Google, Facebook, Twitter/X, or any other social media site — to learn anything about the case or anyone involved in the case, including the lawyers, defendants, witnesses, or me.

    **d.**  If any media reports come out about this case, do <u>not</u> read, watch, or listen to them – including any coverage on social media sites like Facebook, Twitter/X, or Instagram.

    **e.**  Do <u>not</u> do research of any nature or talk to anyone about the facts of the case or anyone involved in it.

    **f.**  The reason for these rules, as I am certain you understand, is that your decision in this case must be made solely on the evidence presented at trial, or lack of evidence.

**v.**  I expect you to inform me immediately, through my Deputy, if you become aware of another juror's violation of these instructions.

**vi.**  This is a public courtroom.  People can come and go.  It may be that you even know someone who enters this courtroom during this trial.  If you do, that's fine. Just let my Deputy know so that I can give you a separate instruction.

## 7.  Notetaking

**A.**  <u>Finally</u>, each of you will be given a notebook and pen.  That is because I permit jurors to take notes.  But you do not have to take notes.  Notes are just an aid to your own recollection.  The court reporters in this case record everything that is said in the courtroom and any portion of the testimony can be read back to you during your deliberations.   If you do take notes, consider whether note-taking may distract you from something important that is happening on the witness stand.  Also, if you do take notes, please put your juror number on the first page of the pad and not the cover, so that we can be sure that only you will be making and reviewing the notes that are written in your pad (and we can use the unused pages in the pads again).

**B.**  I want to emphasize that your notes are not to be shared with fellow jurors during deliberations.  The fact that a juror has taken notes will not entitle him or her to any greater voice in the deliberations.  A transcript will be available to all jurors if there is any difficulty remembering the testimony.

   **C.** If you do take notes, all notes must be left each day in the jury room.  My Deputy will make sure that they are secure.

## 8.  Final Instructions

   **A.** From this point until the time when you retire to deliberate, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case.  In that regard, please remember that the parties and counsel in this case have been instructed to have no contact with any of you.  So if you happen to see any of them outside this courtroom, and they do not acknowledge you, say hello, or make small talk, please do not take offense.  As I mentioned earlier, they are not being rude – they are simply following my instructions.

   **B.** Let us now proceed with opening statements.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> DAVID BREND and GUSTAVO RODRIGUEZ, <br><br>                     Defendants. | Case No. 22 cr. 551 (JLR) |

JENNIFER L. ROCHON, United States District Judge:

## QUESTIONS FOR JURORS

**Please indicate if your answer to any of the following questions is "yes" by circling the number of that question.  If your answer to a question is "no," you need not do anything. <u>Do not write your name or make any other marks on the questionnaire</u>.  The only marks you should make are circles around the questions for which the answer is "yes."  If, when asked about a "yes" answer, there is a particularly sensitive issue, please say so and we will speak at the bench.**

## A. <u>General Questions</u>

1.  Do you have any commitments that would make it impossible for you to serve as a juror at this trial that is expected to end by early the week of March 18?

2.  Under the law, a defendant is presumed innocent and cannot be found guilty of the crime charged in a particular count of the indictment unless you unanimously find, after hearing all of the evidence, that the evidence proves the defendant's guilt beyond a reasonable doubt with respect to that particular count.  Would you have difficulty accepting and applying this rule of law?

3.  In a criminal case like this one, the burden of proof at all times remains with the prosecution.  It never shifts to the defendant.  For you to return a verdict of guilty as to any charge, the prosecution must prove beyond a reasonable doubt each and every element of the particular count you are considering.  A person charged with a crime has absolutely no burden to prove that he or she is not guilty.  Would you have difficulty accepting this legal principle and applying this rule of law?

4.  When it comes to the law, as opposed to the facts, you must take your instructions as to the law from me, even if you disagree with my explanation of the law.  Would you have difficulty following my instructions as to the law?

5.  If you are selected as a juror, you are required by law to make your decision based solely on the evidence or lack of evidence presented in court, and the rules of law that

I will give to you, and not on the basis of conjecture, suspicion, sympathy, or prejudice.  Would you have difficulty accepting and applying this rule of law?

6.      Under the law, the question of punishment, if any, is for me to decide, and the issue of possible punishment may not enter into your deliberations as to whether the defendant has been proven guilty beyond a reasonable doubt.  Would you have any difficulty accepting and following that rule of law?

7.      A defendant in a criminal case has the right to testify and the right not to testify.  If a defendant does not testify, you may not draw any inference against her based on that decision.  The fact that a defendant chooses not to testify may not enter into your deliberation in any way.  Would you have difficulty accepting this legal principle and following that rule of law?

8.      If any of the witnesses at this trial are law enforcement officers, I instruct you that the fact that the witness is employed by the government does not change in any way the tests that you must apply to determine whether or not the witness is testifying truthfully.  The testimony of a government witness is not entitled to greater or lesser weight simply because the witness is employed by the government.  Would you have difficulty accepting and applying this rule of law?

9.      Some of the witnesses called by the Government may have been involved in some of the crimes charged in the indictment. These witnesses are working with the Government in exchange for certain benefits. There is nothing unlawful about the Government's use of such witnesses. Would you have any bias for or against the Government because of testimony obtained in this manner?

10.     I also instruct you that it is no concern of yours why the Government has chosen to enter into agreements with certain witnesses, and you are not to speculate about the reasons. Would you have any difficulty following my instructions on the law in this regard?

11.     You may hear evidence in the form of audio recordings or text messages, WhatsApp messages, or other communications that were obtained through lawful means but without the knowledge of certain parties to the conversations. Do you have any feelings about the use of recordings, text messages, WhatsApp messages, or other communications that were obtained during lawful searches that would make it difficult for you to render a fair and impartial verdict?

12.     Do you have any ideas, beliefs, or prejudices that would make it difficult for you to follow my instructions as to the law?

13.     Do you have any religious, philosophical, or ethical beliefs that would prevent you from passing judgment on someone?

14.     Do any of you have any opinion about the enforcement of laws that would prevent you from being fair and impartial in this case?

15. Do you believe that if the law and evidence established the guilt of the defendant beyond a reasonable doubt, you would be reluctant to render a verdict of guilty in this case?

16. Do you believe that if the government failed to prove the defendant's guilt beyond a reasonable doubt, you would be reluctant to render a verdict of not guilty in this case?

## B.  <u>Knowledge of People or Places</u>

17. The defendants in this case are David Brend and Gustavo Rodriguez. Do you know, or have you had any dealings, directly or indirectly, with the defendants, or with any relative, friend or associate of the defendants?

18. To your knowledge, do any of your relatives, friends, associates, or employers know either of the defendants?

19. Mr. Brend is represented by Patrick Joyce.  Do you know, or have you had any dealing with, Mr. Joyce or any individuals in his office?

20. Mr. Rodriguez is represented by Edward Sapone and Sean Doddy. Do you know, or have you had any dealing with, Mr. Sapone, Mr. Doddy, or any individuals in their office?

21. The prosecution, referred to here as the Government, is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, Damian Williams.  The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Michael Maimin and Josiah Pertz, assisted by Semyon Ginzburg and Graham Sugarman who are special agents with the department of homeland security, and Anthony Imperato, Christina Lopresti, and Brandon Veloz, who are paralegals in the United States Attorney's Office. Do you know Mr. Maimin, Mr. Pertz, Special Agents Ginzburg or Sugarman, Mr. Imperato, Ms. Lopresti, or Mr. Veloz?  To your knowledge, have you, your family members, or your close friends had any dealings with any of them?

22. Do you have any personal knowledge of the charges contained in the indictment as I have described them?

23. Have you read or heard anything about this case through the media, the Internet, or any other source?

24. The following individuals or entities may be mentioned during the trial, or may be witnesses in this case:

    a. Joe Abel

    b. Juan Arellano

    c. Laryssa Brend

d. Samson Brend

e. David Carmona

f. Melbe Cepeda

g. Cheri Corridori

h. Daniel Cruz

i. Dr. Nektarios Demetriou

j. Corodon "Cory" Francis

k. Maravic Francis

l. Juan Carlos Garduño

m. Aline Hernandez

n. Special Agent Matthew Hernandez

o. Ivy Howard

p. Travis Jank

q. Miguel Lomeli

r. Alan Lopez

s. Kimberly Maes

t. Dr. Benedict Maniscalco

u. Cesar Marroquin

v. Claudia Martinez

w. Diana Martinez Garcia

x. Alex Mendoza

y. Marcos Ruiz Ochoa

z. Andrea Olivares

aa. Rafael Paulino

bb. Ivan Perez

  cc. Eduardo Pineda

  dd. Joseph Portaro

  ee. Julio Portillo

  ff. Julius Quezon

  gg. Norberto Rey

  hh. Mauricio Rivera

  ii. Miguel Rocha

  jj. Paz Sanchez

  kk. Alejandro Santa Cruz

  ll. Satya Shaw

  mm. Dyna Simmons

  nn. Junior Sosa

  oo. Ricardo Tovar

  pp. Moses Valdez (also spelled Moises Valdez)

Do you know any of these individuals or entities?  Have you, or has anyone close to you, had any dealings, directly or indirectly, with any of these individuals or entities?

## C. <u>Personal Experiences and Opinions</u>

25. Have you, or has anyone close to you, ever studied or practiced law, or worked in any capacity in the legal field or court system?

26. Have you, or has anyone close to you, ever worked in law enforcement, criminal defense, or private investigation?

27. Do you, or has anyone close to you, have any affiliation – professional, business, or social, direct or indirect – with any member of the United States Attorney's office in the Southern District of New York or the Department of Homeland Security or Homeland Security Investigations?

28. Have you or anyone close to you worked in the securities industry, in financial services, or as an investment advisor?

29. Are you familiar with multilevel market network investment strategies?

30.   Have you ever served as a member of a grand jury?

31.   Have you ever served as a juror in any court?

32.   Have you or any member of your family ever been employed by the city, state or federal government?

33.   Have you or any member of your family ever been a witness or a complainant in any prosecution, state or federal?

34.   Have you or has any member of your family ever been under subpoena or been close to being subpoenaed in any criminal case?

35.   Have you or anyone close to you ever been stopped or questioned by any member of the Department of Homeland Security: Homeland Security Investigations?

36.   Have you or has any member of your family ever been the subject of an investigation or accusation by a grand jury, either federal or state, or by a Congressional committee?

37.   Have you or has any member of your family ever been involved or appeared as a witness in any investigation by a federal or state grand jury, a Congressional or state legislative committee, a licensing authority or a government agency?

38.   Have you or anyone close to you ever been arrested or charged with a crime?

39.   Have you or has any member of your family ever been the victim of a serious crime?

40.   Does the fact that the charges involve cryptocurrency affect your ability to render a fair verdict?

41.   Have you or anyone close to you ever mined or traded cryptocurrency?

42.   Have you or anyone close to you ever lobbied, petitioned, or worked in any other manner for or against any laws or regulations relating to cryptocurrency?

**D.  Difficulties in Understanding or Serving**

43.   Do you have any problems with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

44.   Are you taking any medication, or do you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

45.   Do you have any difficulty in reading or understanding English?

46.   Is there anything that I have not asked you about that would make you feel like you cannot be a fair and impartial juror in this case?

**Court Exhibit 3**

<u>Questions for Individual Jurors</u>

1.  Please state your name, your county of residence, your borough if you live in one, and your neighborhood.  Have you lived in this county for more than 5 years?

2.  How old are you?

3.  Do you rent or own your home?

4.  How far did you go in school and what schools did you attend, beginning with high school?  (If college, what was your field of study in college?)

5.  Are you employed?  If so, who is your employer and what are your general job duties?  (If retired or unemployed, please identify your last employer and general job duties.)

6.  How long have you been employed in your current position?  If fewer than five (5) years, where else did you work in the last five (5) years?

7.  Who are the members of your household and for whom do they work?

8.  If you have grown children, for whom do they work?  If any are college students, what is their field of study?

9.  Do you belong to any social, union, professional, political, or religious organizations or clubs?  If so, which ones?

10. Where do you typically get your news (for example, print, television, cable news, radio, websites, social media)?  Which papers, shows, or sites in particular?

## Defendants' Regular Juror Challenge Sheet (Jurors 1-31)

1. 5. STEPHANIE ROZASKI
2. 10. JACQUELINE RIVERA
3. 11. JESSICA JARDINE
4. 13 DEBRA LU BYE
5. 6. MATHEW PALMER
6. 17. SUSAN WORTHMANN
7. 21. MAUREEN FARRELL
8. 22. DIANE THARA
9. 23. DOMINIC TALLACINI
10. 24. FRANK TANCREDI
11. 25. RACHEL SCHNEIDMAN
12. 27. JANINE TENDY



PENGAD-Bayonne, N.J.

EXHIBIT
4
3/4/2024

Defendants' Alternate Juror Challenge Sheet (Jurors 32-39)

1. _33 KATHERINE PERRONE_

2. _39 Muhammed Islam_

## Government Regular Juror Challenge Sheet (Jurors 1-31)

1. 2 - Stephen Arriz

2. 4 - Philip Fusco

3. 6 - Matthew Palmer

4. 7 - Daniel Vich

5. 29 - Selena Jacklini

6. 22 - Diane Thara

7. 18 - Jchu Lucien

<u>Government Alternate Juror Challenge Sheet (Jurors 32-39)</u>

1. ___32- Eva Reyes___

2. ___34- Tameeka Clarke___

**Court Exhibit 5**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA, | |
| v. | Case No. 22 cr. 551 (JLR) |
| DAVID BREND and GUSTAVO RODRIGUEZ, | |
| Defendants. | |

JENNIFER L. ROCHON, United States District Judge:

## JURY INSTRUCTIONS

# TABLE OF CONTENTS

I.   GENERAL INSTRUCTIONS ...................................................................................... 1

   A.   Introductory Remarks .................................................................................. 1

   B.   Role of the Court ........................................................................................ 1

   C.   Role of the Jury .......................................................................................... 2

   D.   Role of Counsel .......................................................................................... 2

   E.   The Government as a Party ......................................................................... 3

   F.   Improper Considerations: Race, Religion, National Origin, Sex or Age ............... 3

   G.   Sympathy .................................................................................................... 4

   H.   Indictment is Not Evidence ........................................................................ 5

   I.   Presumption of Innocence and Burden of Proof ........................................ 5

   J.   Reasonable Doubt ....................................................................................... 5

   K.   What Is and Is Not Evidence ...................................................................... 6

   L.   Particular Investigative Techniques Not Required ..................................... 7

   M.   Direct and Circumstantial Evidence .......................................................... 7

   N.   Witness Credibility .................................................................................... 9

   O.   Defendants' Right not to Testify or [Testimony of Defendants] ...................... 11

   P.   Law Enforcement and Witnesses ............................................................. 11

   Q.   Accomplice Testimony ............................................................................. 12

   R.   False Exculpatory Statements  [if applicable] ......................................... 14

   S.   Uncalled Witnesses – Equally Available .................................................. 14

   U.   Persons Not on Trial ................................................................................. 15

   V.   Preparation of Witnesses  ........................................................................ 15

   W.   Stipulations  ............................................................................................. 16

   X.   Punishment is Not to be Considered by the Jury ..................................... 16

II.   INSTRUCTIONS ON THE CHARGES AGAINST THE DEFENDANTS ................... 16

   A.   The Indictment .......................................................................................... 17

   B.   Structure of the Indictment ...................................................................... 17

   C.   Consider Each Defendant Separately ....................................................... 18

   D.   Conspiracy: General Instructions ............................................................. 18

   E.   Count One – Conspiracy: Elements of the Offense .................................. 19

      1.   Conspiracy: First Element – Existence of the Conspiracy ........... 20

      2.   Conspiracy: Second Element – Membership in the Conspiracy ... 21

   F.   Wire Fraud – Summary ............................................................................ 23

G.      Wire Fraud – Elements of the Offense ................................................... 23

H.      Wire Fraud: First Element – Existence of a Scheme or Artifice to Defraud ........ 24

I.      Wire Fraud: Second Element – Participation in Scheme with Intent to Defraud . 26

J.      Wire Fraud: Third Element – Use of Interstate Wire ........................... 31

1.      Liability for Acts and Declarations of Coconspirators ................. 32

K.      Venue ..................................................................................... 32

III.    DELIBERATIONS OF THE JURY ...................................................... 33

A.      Selection and Duties of Foreperson .............................................. 33

B.      Duty to Deliberate; Unanimous Verdict ......................................... 34

C.      Right to See Exhibits and Hear Testimony; Communication with the Court ....... 35

D.      Notes ..................................................................................... 36

E.      Verdict Form ............................................................................ 36

F.      Return of Verdict ....................................................................... 37

IV.     CONCLUSION ............................................................................. 37

# I.    GENERAL INSTRUCTIONS

## A.    Introductory Remarks

Members of the jury, you are about to enter your final duty, which is to decide the fact issues of this case.  I will now instruct you as to the law that governs this case.  You have been handed a copy of the instructions I will read.  You should feel free to read along or to just listen to me.  You will be able to take your copy of these instructions into the jury room.

You'll notice that I'm reading these instructions from a prepared text.  It would be livelier, no doubt, if I just improvised.  But it's important that I not do that.  The law is made up of words, and those words are very carefully chosen.  So, when I tell you the law, it's critical that I use exactly the right words.  Therefore, I may not be able to engage in as much eye contact as I would otherwise like.  But I know you will pay close attention and listen carefully, just as you have throughout this trial.

You have now heard all of the evidence in the case as well as the final arguments of the parties.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in this case.

There are three parts to these instructions.  First, I'm going to give you some general instructions about your role, and about how you are to decide the facts of the case.  Second, I'll give you some specific instructions about the legal rules applicable to the particular charges against the defendants.  Third, I'll give you some final instructions about procedures and deliberations.

## B.    Role of the Court

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions as to the law and to apply them to the facts as you determine them.  With respect to legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You must not substitute your own notions or opinions of what the law is or what you think it ought to be.  You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.

### C.     Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts.  You evaluate the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.  Any opinion I might have regarding the facts is of absolutely no consequence.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts and to render judgment impartially and fairly, without bias or prejudice as to any party, solely on the evidence in this case and the applicable law.  Do not speculate or rely on matters not in evidence or outside of the case.

### D.     Role of Counsel

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  It is my job to rule on those objections.  Therefore, why an objection was made or why I ruled on it the way I did is not your concern.  You should draw no inference from the fact that an attorney objects to any evidence.  Nor should you draw any inference from the fact that I might have sustained or overruled an objection.  If I sustained the objection, you may not consider the testimony or exhibit at issue; if I overruled the objection, you may consider the testimony or exhibit just as you would any other evidence in the case.

The personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed opinions or had reactions of any kind to the lawyers here, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those opinions or reactions should not enter into your deliberations.

During the course of the trial, I may have had to correct the presentation of an attorney, for example, to ask them to rephrase a question.  You should draw no inference against the attorney or the client.  It is the duty of the attorneys to advocate on behalf of their clients.

From time to time, the lawyers and I had conferences out of your hearing.  These conferences involved procedural and other legal matters, and should not enter into your deliberations at all.

### E.      The Government as a Party

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to each defendant, who is charged with a serious crime.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

### F.      Improper Considerations: Race, Religion, National Origin, Sex or Age

In reaching decision as to whether the Government has sustained its burden of proof, it would be improper for you to consider any personal feelings you have about a defendant's race, religion, national origin, gender, sexual orientation, or age.

Similarly, it would be improper for you to consider any personal feelings you have about the race, religion, national origin, gender, sexual orientation, or age of any other witness or anyone else involved in this case. The defendants are entitled to a trial free from prejudice, and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision-making process.

To repeat, your verdict must be based exclusively upon the evidence or lack of evidence in the case.

### G.    Sympathy

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the defendant you are considering beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant you are considering is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you. It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to a defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal. But on the other hand, if you should find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

### H.     Indictment is Not Evidence

The defendants are charged with a crime about which I will instruct you shortly. A charge is called a "count." I will refer to the count in the charging instrument, called an indictment, but you will not be furnished with the Indictment itself, because an indictment is merely a statement of the charge and is not itself evidence.

### I.     Presumption of Innocence and Burden of Proof

Each defendant has pleaded not guilty to the charge in the Indictment. To convict a defendant, the burden is on the prosecution to prove that defendant's guilt of each element of the charge beyond a reasonable doubt. This burden never shifts to the defendant, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, each defendant starts with a clean slate and is presumed innocent of each charge until such time, if ever, that you as a jury are satisfied that the government has proven a given defendant is guilty of a given charge beyond a reasonable doubt.

### J.     Reasonable Doubt

Since, in order to convict a defendant of a given charge, the government is required to prove that charge beyond a reasonable doubt, the question then is: What is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason. It is doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of a convincing character that a reasonable person would not hesitate to rely upon in making an important decision.

A reasonable doubt is not caprice or whim. It is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. The law does not require that the

government prove guilt beyond all possible doubt: proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to the guilt of the defendant you are considering with respect to the charge against him, you must find the defendant not guilty of the charge. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt with respect to the charge against him, you should find that defendant guilty of that charge.

### K.      What Is and Is Not Evidence

In determining the facts, you must rely upon your own recollection of the evidence.  The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence.  What is important is the quality of the evidence and not the number of witnesses, or the number or variety of exhibits, or the length of time spent on a subject.  Simply because I have permitted certain evidence to be introduced does not mean that I have decided on its importance or significance.  It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

The only exhibits that are evidence in this case are those that were received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection.

We have, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document or recording was taken out. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the other part of it has been deleted.

As I told you at the start of this case, statements and arguments by the lawyers are not evidence, because the lawyers are not witnesses.  What they have said to you in their opening

statements and in their summations is intended to help you understand the evidence to reach your verdict.  If your recollection of the facts differs from the lawyers' statements, however, it is your recollection that controls.

For the same reasons, you are not to consider a lawyer's questions, restatement of exhibits, or summarizing of a witness's testimony as evidence.  It is the witnesses' answers to those questions or the exhibits themselves that are evidence.  Similarly, any statements that I may have made do not constitute evidence.

Finally, this means, of course, that anything you may have heard or read outside of this courtroom – on the internet, in the news media, or anywhere else – may play no role in your deliberations.  Your decision in this case must be made solely on the evidence presented at trial.

### L.     Particular Investigative Techniques Not Required

You may have heard reference, in the arguments and cross-examination of the defense in this case, to the fact that certain investigative techniques were or were not used by law enforcement authorities. There is no legal requirement that the law enforcement investigate crimes in a particular way or that the Government prove its case through any particular means. While you are to carefully consider the evidence presented, you need not speculate as to why they used the techniques they did, or why they did not use other techniques. The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of each defendant has been proven beyond a reasonable doubt.

### M.     Direct and Circumstantial Evidence

 In deciding whether or not the Government has met its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly. For example, when a witness testifies to what he or she saw, heard or observed, that is called direct evidence. For example, if a witness testified that when he or she left the house this morning, it was raining, that would be direct evidence about the weather. Direct evidence may also be in the form of an exhibit.

Circumstantial evidence is evidence from which you may infer the existence of certain facts. For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella, that was dripping wet. Then a few minutes later another person entered with a wet raincoat. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So, you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact. As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion which you might reasonably draw from other facts that have been proven. Many material facts – such as what a person was thinking or intending – are not as easily proven by direct evidence. Proof of such matters may be established by circumstantial evidence.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you, the jury, are permitted to draw—but not required to draw from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based on direct or circumstantial evidence, or on the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of each defendant beyond a reasonable doubt before you may convict that defendant.

### N.    Witness Credibility

It must be clear to you by now that the Government and the defendants are asking you to draw very different conclusions about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness

testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the Government or the defendant that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

You should also consider whether a witness had an opportunity to observe the facts he or she testified about. Also, you should consider whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In evaluating credibility of the witnesses, you should also take into account any evidence that the witness who testified may benefit in some way from the outcome of this case.

**[DETERMINE IF THIS SHOULD BE ADDED -- In a case in which the defendant does <u>not</u> testify, add: Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests.]** Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.

In sum, what you must try to do in deciding credibility is to size up a person just as you would in any important matter when you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

**O.     Defendants' Right not to Testify or [Testimony of Defendants]**

The defendant(s), [David Brend and Gustavo Rodriguez], did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to any defendant.  A defendant is never required to prove that he is innocent.

You must not attach any significance to the fact that a given defendant did not testify. No adverse inference against a defendant may be drawn by you because he or she did not take the witness stand, and you may not consider it in any way in your deliberations in the jury room.

OR

[In a criminal case, the defendant cannot be required to testify, but, if a defendant chooses to testify, the defendant is, of course, permitted to take the witness stand on the defendant's own behalf. In this case, defendant(s) [Brend and Rodriguez] decided to testify. You should examine and evaluate the testimony just as you would the testimony of any witness.]

**P.     Law Enforcement and Witnesses**

You have heard the testimony from law enforcement witnesses. The fact that a witness

may be employed by a federal, state, or city government does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for the defense to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of such witnesses and to give to that testimony the weight you find it deserves.

### Q.     Accomplice Testimony

You have heard from witnesses who testified that they were actually involved in carrying out the scheme charged in the Indictment. There has been a great deal said about these so-called accomplice witnesses in the summations of counsel regarding whether or not you should believe them.

The law allows the use of accomplice testimony, and such testimony is properly considered by the jury. Indeed, it is the law in federal courts that the testimony of an accomplice may be enough by itself for a conviction if the jury finds that the testimony establishes guilt beyond a reasonable doubt. However, it is also the case that accomplice testimony is of such a nature that it must be scrutinized with great care and viewed with special caution. Like the testimony of any other witness, an accomplice's testimony should be given such weight as it deserves in light of all the facts and circumstances.

I have given you some general considerations on credibility, and I am not going to repeat those here, nor will I repeat the arguments that have been made by both sides. However, let me say a few things that you may want to consider during your deliberations on the subject of accomplices.

The fact that a witness is an accomplice should be considered by you as bearing on his or her credibility. However, it does not follow that, simply because a person has admitted participation in one or more of the crimes, he or she is incapable of giving a truthful version of what happened. You should, of course, consider whether the testimony was motivated by reward or self-interest or hostility to the defendant. You should ask yourself whether the so-called accomplice would benefit more by lying or by telling the truth. For example, was his or her testimony made up in any way because he or she believed that he or she would somehow receive favorable treatment by testifying falsely? Or did he or she believe that his or her interest would best be served by testifying truthfully?

As another example, if you believe a witness was motivated by personal gain, was the motivation one that would cause him or her to lie, or was it one that would cause him or her to tell the truth? And did this motivation color his or her testimony?

Obviously, you should reject the testimony if you find it was false. However, if after a cautious and careful examination of the testimony and the witness's demeanor, you are satisfied that the testimony is true, you should accept it as credible and act on it accordingly. You may also accept parts and reject parts of the testimony of an accomplice or any witness, as I have earlier explained.

You have heard testimony and arguments regarding an agreement between the Government and these accomplice witnesses. It is of no concern of yours why the Government has made an agreement with a witness. Your sole concern is to decide whether the witness has given truthful testimony in this Court before you.

In sum, you should look to all the evidence in deciding what credence and what weight, if any, you will give to the testimony of the accomplice witnesses.

### R.    False Exculpatory Statements  [if applicable]

You have heard testimony that a defendant made statements in which he claimed that his conduct was consistent with innocence and not with guilt. The Government claims that these statements in which the defendant exculpated herself are false. If you find that the defendant gave a false statement to divert suspicion from his scheme, you may infer that the defendant believed that he was guilty. You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of the crime with which he is charged.

Whether the evidence as to a defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

### S.    Uncalled Witnesses – Equally Available

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify. I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

### T.    Character Witnesses  [if applicable]

The defendant [or specify which defendant] has called witnesses who have testified to his good reputation in the community. This testimony is not to be taken by you as the witness's opinion as to whether the defendant is guilty or not guilty. That question is for you alone to determine. You should, however, consider this character evidence together with all the other

facts and all the other evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Such character evidence alone may indicate to you that it is improbable that a person of good reputation would commit the offense charged. Accordingly, if, after considering the question of the defendant's good reputation, you find that a reasonable doubt has been created, you must acquit him of all the charges.

On the other hand, if, after considering all of the evidence, including that of the defendant's reputation, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit the defendant merely because you believe he is a person of good reputation.

### U.  Persons Not on Trial

You may not draw any inference, favorable or unfavorable, toward the Government or the defendants from the fact that any person was not named as a defendant in this case, and you may not speculate as to the reasons why other persons are not on trial before you now. Those matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

### V.  Preparation of Witnesses

You have heard evidence during the trial that certain witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I instruct you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits

15

before being questioned about them here. In fact, it would be unusual for a lawyer to call a witness without such meetings.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

### W.  Stipulations

In this case you have heard evidence in the form of stipulations of fact. A stipulation of fact is an agreement between the parties that a certain fact is true. You must regard such agreed upon facts as true.

You have also heard evidence in the form of stipulations of testimony. A stipulation of testimony is an agreement between the parties that, if called as a witness, a person would have given certain testimony. You must accept as true the fact that the witness would have given that testimony. However, it is for you to determine the effect to be given that testimony.

### X.  Punishment is Not to be Considered by the Jury

The question of possible punishment of a defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the court. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon the defendant, if the defendant is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

## II.  INSTRUCTIONS ON THE CHARGE AGAINST THE DEFENDANTS

I will turn now to my instructions on the law to be applied to this case with respect to the particular charge brought against the defendants.

16

### A.      The Indictment

The defendants, David Brend and Gustavo Rodriguez, are formally charged in what is called an Indictment. An Indictment is simply an accusation. It is no more than the means by which a criminal case is started. It is not evidence. It is not proof of a defendant's guilt. It creates no presumption, and it permits no inference that a defendant is guilty. You are to give no weight to the fact that an Indictment has been returned against the defendants.

I will first summarize the offense charged in the Indictment and then I will read the Indictment to you.

The Indictment contains a total of one count, or charge.  That count charges that David Brend and Gustavo Rodriguez participated in a conspiracy to commit wire fraud from at least in or about May 2018 to in or about December 2019.

Specifically, Count One of the Indictment charges the defendants with violating 18 U.S.C. § 1349 by participating in a conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1343. Section 1349 provides, in relevant part:

> Any person who attempts or conspires to commit any offense under
> this chapter [commits a crime].

Section 1349 refers to offenses under "this chapter," which includes Section 1343, which is wire fraud. I will discuss the elements of that crime later in this instruction.

I will now read the Indictment to you.  [Indictment read to the jury]

The defendants deny that they are guilty of the charge in the Indictment.

### B.      Structure of the Indictment

You will note that the word "and" is used between charging words in the Indictment. For example, the Indictment charges that the defendants "combine[d], conspire[d], confederate[d], and agree[d] together and with each other to commit wire fraud."

You should treat the conjunctive "and" as it appears in the Indictment as being a disjunctive "or." Thus, it is enough, for example, that the proofs show that the defendants combined, conspired, confederated, or agreed together and with each other to commit wire fraud.

In addition, it does not matter if the Indictment charges that a specific act occurred on or about a certain date, and the evidence indicates that, in fact, it was on another date. The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by testimony or exhibits. Further, it is not required that each defendant committed a charged crime throughout the entire time period charged in a particular count; it is sufficient for the Government to prove beyond a reasonable doubt that at some time during the period charged in the Indictment, the defendant you are considering participated in the charged crime.

### C.      Consider Each Defendant Separately

There are two defendants on trial before you, Mr. Brend and Mr. Rodriguez. In reaching a verdict, however, you must bear in mind that guilt is individual. Your verdict as to each defendant must be determined separately with respect to him, solely on the evidence, or lack of evidence, presented against him without regard to the guilt or innocence of anyone else.

### D.      Conspiracy: General Instructions

Before I give you more specific instructions about Count One, let me explain generally about the crime of conspiracy. A conspiracy is a kind of criminal partnership, a combination or agreement of two or more persons to join together to accomplish some unlawful purpose. The crime of conspiracy, or agreement, to violate a federal law as charged in the Indictment, is an independent offense. It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as, "substantive crimes." Indeed, you may find the defendant you are considering guilty of the crime of conspiracy to commit wire fraud, that is, guilty of agreeing with

another to commit wire fraud, even if the substantive crime of wire fraud, which was the object of the conspiracy, was not actually committed.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful. This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct and increases the likelihood of success of a particular criminal venture. Each member of a conspiracy may perform separate and individual acts. Some conspirators play major roles, while others play minor roles in the scheme. The law does not require that each member of the conspiracy play an equal role. When people enter into a conspiracy to accomplish an unlawful end, they become agents and partners of one another in carrying out the conspiracy. In fact, even a single act may be sufficient to draw a defendant within the scope of a conspiracy.

### E.  Count One – Conspiracy: Elements of the Offense

In order to sustain its burden of proof with respect to Count One, the Government must prove beyond a reasonable doubt each of the following two elements:

First, the existence of the conspiracy charged in Count One. In other words, the Government must prove that, from at least in or about May 2018 up to and including in or about December 2019, or any portion of that time period, there was, in fact, an agreement or understanding among two or more persons to commit wire fraud.

Therefore, the first question for you on Count One is: Did the conspiracy alleged in Count One of the Indictment exist?

Second, the Government must prove that the defendant you are considering knowingly and willfully joined the conspiracy charged in Count One.

Now, let us separately consider the two elements. First, the existence of the conspiracy; and, second, whether the defendant knowingly and willfully joined the conspiracy.

19

1.      **Conspiracy: First Element – Existence of the Conspiracy**

The first element that the Government must prove, beyond a reasonable doubt, is that the conspiracy actually existed. A conspiracy is an agreement or an understanding of two or more persons to accomplish an unlawful or criminal purpose by joint action. Count One of the Indictment alleges that the unlawful purpose of the conspiracy was to commit wire fraud.

In order for the government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement; indeed, a single conspiracy may encompass members who neither know one another's identities, nor specifically know of one another's involvement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof. However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.

In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words. In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.

In considering this first element, you should consider all the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator and such inferences as may be reasonably drawn from them. It is sufficient to establish the existence of the conspiracy, as I've already said, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding way to accomplish, by the means alleged, the objective of the conspiracy.

In this case, Count One of the Indictment charges that the objective of the conspiracy was to commit wire fraud, in violation of 18 U.S.C. § 1343.

In a moment I will instruct you about the elements of that object crime, that is, the elements of wire fraud. If you find that the conspirators agreed to accomplish that objective, then the illegal purpose element will be satisfied.

### 2.    Conspiracy: Second Element – Membership in the Conspiracy

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count One existed, then you must next determine whether the defendant you are considering knowingly and willfully joined that conspiracy.

What do I mean by "knowingly and willfully" joining the conspiracy? To act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently. To act "willfully" means to act voluntarily and with a wrongful purpose.

In the context of a conspiracy, it is not necessary that a defendant be fully informed as to all the details of the conspiracy, or have known the identities of each and every member of the conspiracy, or be apprised of all of the co-conspirators' activities, in order to justify an inference of knowledge on his part. To have guilty knowledge, the defendant need not have known the full extent of the conspiracy or all of its activities or all of its participants.

Nor is it necessary that a defendant receive any monetary benefit from participating in a conspiracy, or that he has a financial stake in the outcome, so long as he, in fact, participated in the conspiracy in the manner I have explained. However, you are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant you are considering had such an interest, that is a factor which you may properly consider in determining whether or not the defendant you are considering was a member of the conspiracy charged in the Indictment.

The duration and extent of a defendant's participation has no bearing on the issue of his guilt. A conspirator's liability is not measured by the extent or duration of his or her participation. Indeed, each member of the conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators may play major roles while others play minor roles in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.

I want to caution, however, that a defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy. Similarly mere association with one or more members of the conspiracy does not automatically make a defendant a member. A person may know, or be friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy.

I also want to caution you that mere knowledge of or acquiescence to, without participation in, the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy does not make a defendant a member of the conspiracy. More is required under the law. What is necessary is that

the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

Because the crime charged is conspiracy, the Government does not have to prove that the goal of the conspiracy was achieved. Thus, it does not matter whether wire fraud was actually committed. The crime of conspiracy is complete when an unlawful agreement is made to commit a crime, even if no member of the conspiracy actually commits the crime that is the goal of the conspiracy.

If you find that the Government has proven both elements of conspiracy to commit wire fraud, beyond a reasonable doubt, as to the defendant you are considering, then you must find that defendant guilty. On the other hand, if you find that the Government failed to prove one or more elements of conspiracy to commit wire fraud as to that defendant, then you must find that defendant not guilty. Either way, you will record your verdict on the Verdict Sheet.

### F.  Wire Fraud – Summary

The Indictment charges that the objective of the conspiracy was to commit wire fraud, in violation of 18 U.S.C. § 1343. That statute provides in relevant part:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio or television communications in interstate, or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be [guilty of a crime].

I will now instruct you on the elements of wire fraud.

### G.  Wire Fraud – Elements of the Offense

The object of the alleged conspiracy—wire fraud—has the following three elements:

<u>First</u>, that in or about the times alleged in the Indictment, there was a scheme or artifice to defraud others of money or property by means of materially false or fraudulent pretenses, representations, or promises;

<u>Second</u>, that the defendant knowingly devised or participated in the scheme or artifice to defraud, with specific intent to defraud; and

<u>Third</u>, that in the execution of that scheme, the defendant himself used, or caused the use by others, of interstate or foreign wires, as specified in the Indictment.

Here, of course, since the Indictment alleges that wire fraud is the object of the charged conspiracy, what the Government must prove beyond a reasonable doubt is that the conspirators agreed that the elements of wire fraud would be satisfied, and not that the wire fraud itself actually occurred.

1. **Wire Fraud: First Element – Existence of a Scheme or Artifice to Defraud**

The first element of wire fraud is the existence of a scheme or artifice to defraud others of money or property by means of materially false or fraudulent pretenses, representations, or promises.  I will now explain to you what these terms mean.  They are almost self-explanatory.

A "scheme or artifice" is simply a plan, device, or course of conduct to accomplish an objective.  "Fraud" is a general term.  It is a term that includes all the possible means by which a person seeks to gain some unfair advantage over another person by false representations, false suggestion, false pretenses, or concealment of the truth.  The unfair advantage sought can involve money, property, or any other thing of value.

Thus, a "scheme to defraud" is merely a plan to deprive another of money or property by trick, deceit, deception or swindle.

The scheme to defraud here is alleged to have been carried out by making false or fraudulent statements, representations, claims, and electronic documents or websites. A statement, representation, claim, or document is false if it was untrue when made and was then known to be untrue by the person making it or causing it to be made.  A representation or statement is fraudulent if it was falsely made with the intention to deceive.  Deceitful statements of half-truths or involving the concealment of material facts or the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statute. If there is deception, the manner in which it is accomplished is immaterial. You may also find the existence of such a scheme if you find that the defendant in question conducted himself in a manner that departed from traditional notions of fundamental honesty and fair play in the general business life of society.

The deceptive means that are prohibited are also not limited to active misrepresentations or lies told to the intended victim of the scheme. Just as affirmatively stating facts as true when the facts are not true may constitute a false representation, the law recognizes that false representations need not be based on spoken words alone. The deception may arise from the intentional omission or concealment of facts that make what was written, said, or done deliberately misleading. The misrepresentation may be written, oral, or arise from a course of conduct intended to communicate false facts to the intended victim.

The false representations and pretenses must be "material." We use the word "material" to distinguish between the kinds of statements we care about and those that are of no real importance. A "material" fact is one which reasonably would be expected to be of concern to a reasonable and prudent person relying on the statement in making a decision.  That means if you find a particular statement of fact to have been untruthful, before you can find that statement or

omission to be material, you must also find that the statement or omission was one that would have mattered to a reasonable person in making such a decision. In particular, you must find that the statement or omission was one that would have mattered to a reasonable person in a pecuniary or monetary way. Actual reliance by the person on the representation is not required; it is sufficient if the representation is one that is capable of influencing the person's decision and is intended by the defendant to do so. The Government need not prove an actual loss of money by an intended victim. Likewise, it is not necessary for the Government to establish that the defendant actually realized any gain from the scheme, or that he personally originated the scheme to defraud. What matters is whether there existed a scheme to defraud.

Furthermore, it does not matter whether the victim might have discovered the fraud had it probed further or whether the victim did discover the fraud and failed to act upon that discovery.

If you find that a scheme or artifice existed, it is irrelevant whether you believe that the victim was careless, gullible, or even negligent. A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case. If you find that the Government has sustained its burden of proof that a scheme to defraud others of money or property did exist, as charged, you next should consider the second element.

2. **Wire Fraud: Second Element – Participation in Scheme with Intent to Defraud**

The second element is that the defendant you are considering devised or participated in the scheme or artifice to defraud knowingly and with an intent to defraud.

The words "devised" and "participated" are words that you are familiar with and, therefore, I do not need to spend much time defining them for you. To "devise" a scheme to defraud is to concoct or plan it. To "participate" in a scheme to defraud means to associate oneself with it with a view and intent toward making it succeed. While a mere onlooker is not a

participant in a scheme to defraud, it is not necessary that a participant be someone who personally and visibly executes the scheme to defraud.

As I explained to you earlier, to act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently. A person acts "intentionally" if he acts deliberately and purposefully; that is, the actions of the defendant you are considering must have been his conscious objective rather than the product of mistake, accident, negligence, or some other innocent reason. Thus, "intent to defraud" means to act knowingly and with the specific purpose of wrongfully obtaining money or property of another person or entity through fraudulent means.

In order to satisfy this element, I remind you that it is not necessary for the Government to establish that a defendant originated the scheme to defraud. It is sufficient if you find that a scheme to defraud existed, even if originated by another, and that the defendant, while aware of the scheme's existence, knowingly participated in it.

It is also not required that the defendant participate in or have knowledge of all of the operations of the scheme. The guilt of the defendant is not governed by the extent of his participation.

It also is not necessary that the defendant have participated in the alleged scheme from the beginning. A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all of its details, and intentionally acts in a way to further the unlawful goals, becomes a member of the scheme and is legally responsible for all that may have been done in the past in furtherance of the criminal objective and all that is done thereafter.

Even if the defendant participated in the scheme to a lesser degree than others, he is nevertheless equally guilty, so long as the defendant became a member of the scheme to defraud with knowledge of its general scope and purpose.

It is not necessary for the Government to prove that the defendant you are considering was motivated solely by improper considerations. The Government will have satisfied its burden of proof on this element if you find that the defendant you are considering had an intent wrongfully to obtain funds of another, even if that defendant also had other proper or neutral reasons for his actions.

The question of whether a person acted knowingly and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves the defendant's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. Indeed, it would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past she committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense." Using your common sense means that, when you come to decide whether the defendant you are considering possessed or lacked an intent to defraud, you need not limit yourself to just what the particular defendant

said, but you may also look at what the defendant did and what others did in relation to the defendant and, in general, everything that occurred.

### a.      Good Faith

Since an element of wire fraud is intent to defraud, good faith is a complete defense to the charge.   A defendant acted in good faith if he honestly believed, even if mistaken, that all material facts were true and disclosed and did not act knowingly or with the specific purpose of wrongfully obtaining money or property of another person or entity through fraudulent means. The burden is on the Government to prove intent, and the consequent lack of good faith, beyond a reasonable doubt.  A defendant is under no burden to prove his good faith.

### b.      Conscious Avoidance

As I just explained, the Government is required to prove that the defendant acted knowingly, as I have already defined that term. In addition to a person actually being aware of a fact, the law also allows you to find that the defendant had knowledge of a fact when the evidence shows that she was aware of a high probability of that fact but intentionally avoided confirming that fact. The law calls this "conscious avoidance" or "willful blindness."

In determining whether the Government has proven beyond a reasonable doubt that the defendant you are considering acted knowingly with respect to the offense charged in the Indictment, you may consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him. One may not willfully and intentionally remain ignorant of a fact important to his conduct in order to escape the consequences of criminal law.

Thus, if you find beyond a reasonable doubt that the defendant you are considering acted with a conscious purpose to avoid learning some relevant fact, then you may treat the defendant as though she knew that the fact existed. However, guilty knowledge may not be established by

demonstrating that the defendant was merely negligent, foolish, or mistaken, and you may not rely on willful blindness as the basis for treating the defendant as though she was aware of the existence of a fact if you find that the defendant actually believed that the fact did not exist. It is entirely up to you whether you find that the defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

In determining whether the defendant you are considering acted knowingly, you may consider whether he deliberately closed his eyes to what otherwise would have been obvious. Thus, if you find beyond a reasonable doubt that the defendant you are considering knew there was a high probability that a criminal offense was being committed, but deliberately and consciously avoided confirming this fact, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge, unless you find that the defendant actually believed that he was acting in a lawful manner.

Here, because the defendants are charged with participating in a conspiracy, it is important to note that the concept of conscious avoidance cannot be used as a substitute for finding that the defendants knowingly agreed to a joint undertaking, and you can only find the defendants guilty if the evidence proves, beyond a reasonable doubt, that the defendant you are considering knowingly and willfully was or became a member of the conspiracy charged in the Indictment, and that he became a member with knowledge of its criminal goal, willfully and intending by his actions to help it succeed. However, if you find beyond a reasonable doubt that the defendant you are considering entered into such an agreement, you may—if the evidence proves it beyond a reasonable doubt—rely on a finding of conscious avoidance to decide whether he knew that the specific objective or goal of that agreement was to engage in wire fraud.

### 3.    Wire Fraud: Third Element – Use of Interstate Wire

The third and final element is that interstate or foreign wire facilities were used in furtherance of the scheme to defraud.

Wires include telephones, faxes, e-mail, internet communication, radios, television, and text and WhatsApp messages. A wire communication also includes a wire transfer of funds between banks. "Interstate" just means that a wire communication passes between two or more states. "Foreign" just means that a wire communication passes between the United States and another country, in either direction. The use of the wire need not itself be fraudulent. Stated another way, the wire communication need not contain any fraudulent representation, or even any request for money. It is sufficient if a wire is used to further or assist in carrying out the scheme to defraud.

It is not necessary for the defendant to be directly or personally involved in any wire communication, as long as the communication is reasonably foreseeable in the execution of the scheme to defraud in which the defendant is accused of participating.

In this regard, it would be sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others; and this does not mean that the defendant herself must have specifically authorized others to execute a wire communication. When one does an act with knowledge that the use of the wire will follow in the ordinary course of business, such as a wire transfer between banks, or where such use of the wires can reasonably be foreseen, even though not actually intended, then she causes the wires to be used.

Incidentally, this wire communication requirement is satisfied even if the wire communication was done by a person with no knowledge of the fraudulent scheme, including the intended victim of the fraud.

Only a wire communication must be reasonably foreseeable, not its interstate component. Thus, if you find that the wire communication was reasonably foreseeable and the interstate wire communications actually took place, then this element is satisfied, even if it was not foreseeable that the wire communication would cross state lines.

The Government must establish that the wire fraud that is the object of the conspiracy charged in the Indictment contemplated the use of a wire as charged in the Indictment.

### H.    Liability for Acts and Declarations of Coconspirators

I have admitted at this trial evidence of acts and statements of other individuals when such acts were committed and such statements were made by a person who, the Government claims, was also a co-conspirator of the defendants, even if each defendant was not present for those acts and statements.

The reason for allowing this evidence has to do with the nature of a conspiracy. Under the law, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent or partner for the other conspirators in carrying out the conspiracy.

Therefore, you may consider against the defendant you are considering any acts or statements made by anyone you find to have been his coconspirator, even if such acts or statements were not made in his presence or with his knowledge. Acts or statements made in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts or statements of all of the members, and all of the members are responsible for such acts or statements.

### I.    Venue

In addition to all the elements of the charged crime that I have described for you, you must

decide whether any act in furtherance of the charged crime occurred within the Southern District of New York. The Southern District of New York encompasses Manhattan, the Bronx, Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan counties. Anything that occurs in the counties I have listed for you occurs in the Southern District of New York.

With respect to conspiracy, the Government need not prove that any crime was completed in this district or that the defendant or any of their coconspirators were physically present here. Rather, venue is proper in this district if any of the defendants or coconspirators caused any act or event to occur in this district in furtherance of the offense, and it was reasonably foreseeable to the defendant that you are considering that the act would take place in the Southern District of New York.

I should note that on this issue the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. A "preponderance of the evidence" means that the Government must prove that it is more likely than not that the charged crime, or any act in furtherance of that crime, occurred in the Southern District of New York.

## III.   DELIBERATIONS OF THE JURY

Ladies and gentlemen of the jury, that concludes the portion of my instructions to you regarding the particular charges in this case.  You are about to go into the jury room and begin your deliberations. Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendants with respect to the Indictment. I will now give you a few final instructions on those deliberations.

### A.   Selection and Duties of Foreperson

The first thing that you should do when you retire to deliberate is to select one of you to function as your foreperson.  Traditionally Juror Number 1 serves as the foreperson, but that is not

mandatory.  You are free to select any member as your foreperson.  The foreperson doesn't have

any more power or authority than any other juror, and his or her vote or opinion doesn't count for

any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to

the court.  The foreperson will send out any notes, and when the jury has reached a verdict, the

foreperson will notify the marshal that the jury has reached a verdict, and you will come into open

court to present the verdict.

### B.      Duty to Deliberate; Unanimous Verdict

You are not to discuss the case unless and until all jurors are present.  A majority of jurors

together is only a gathering of individuals.  Only when all jurors are present do you constitute the

jury, and only then may you deliberate.

You must base your verdict solely on the evidence and these instructions as to the law, and

you are obligated on your oath as jurors to follow the law as I instruct you, whether you agree or

disagree with the particular law in question.

The government, to prevail, must prove the essential elements by the required degree of

proof, as already explained in these instructions. If it succeeds, your verdict should be guilty; if it

fails, it should be not guilty. In order to return a verdict, it is necessary that each juror agree to it.

In other words, your verdict must be unanimous.

Your function is to weigh the evidence in the case and determine whether or not each

defendant is guilty, solely upon the basis of such evidence.  Unanimity is required with respect to

each defendant on the charged count.

Each juror is entitled to his or her opinion; each should, however, exchange views with his

or her fellow jurors. That is the very purpose of jury deliberation—to discuss and consider the

evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult

with one another; and to reach an agreement based solely and wholly on the evidence—if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Please remember, you are not partisans. You are judges — judges of the facts — not representatives of a constituency or cause. Your sole interest is to seek the truth from the evidence in this case.

Let me also remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law. Under your oath as jurors, you are not to be swayed by sympathy. You are to be guided solely by the evidence presented during the trial and the law as I have given it to you, without regard to the consequences of your decision.

You have been chosen to try issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with clear thinking, there is a risk you will not come to a just result. Both sides are entitled to a fair trial. You are to make a fair and impartial decision so that you come to a just verdict.

Your final vote must reflect your conscientious conviction as to how the issues should be decided. Your verdict, whether guilty or not guilty, must be unanimous.

## C.   Right to See Exhibits and Hear Testimony; Communication with the Court

All of the exhibits admitted into evidence will be sent to the jury room with you.  If you want any of the testimony read, you may request that.  Please remember that it is not always easy

to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.

Your requests for testimony – in fact <u>any</u> communications with the Court – should be made to me in writing, signed, dated, and timed by your foreperson, and given to one of the marshals. Please make any notes as clear and precise as possible. I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person. If you are divided, do not report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

### D.      Notes

Some of you have taken notes periodically throughout this trial.  I want to emphasize to you, as you are about to begin your deliberations, that notes are solely to assist you as an aid to your memory.  Do not share your notes with other jurors during deliberations.  Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.  All jurors' recollections are equal.  If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

### E.      Verdict Form

In a few moments, I will give you the verdict form with the questions for you to answer and you will retire to deliberate on your decision.  The form is not evidence in this case and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law that I've already given you. And nothing in it replaces or modifies the instructions about the elements the Government must prove beyond a

reasonable doubt.  The form is meant only to assist you in recording your verdict, and ultimately, indicating your verdict and announcing it in court.

**F.       Return of Verdict**

After you have reached a verdict, your foreperson will fill in the verdict form that has been given to you, you will all sign and date it. Your foreperson will then advise the marshal outside your door that you are ready to return to the courtroom for the foreperson to announce the verdict. Your foreperson will then bring the verdict form into the courtroom when I bring you back into the courtroom to announce the verdict.

I stress again that each of you must be in agreement with the verdict which is announced in court.  Once your verdict is announced and officially recorded, it cannot ordinarily be revoked.

## IV.   CONCLUSION

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors, consider all of the evidence, apply your own common sense, and follow my instructions on the law, you will reach a fair verdict here.  Thank you for your time and attentiveness.

**Court Exhibit 6**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 22-cr-551 (JLR) |
| DAVID BREND and GUSTAVO RODRIGUEZ, | |
| Defendants. | |

JENNIFER L. ROCHON, United States District Judge:

## <u>VERDICT FORM</u>

**Court Exhibit 6**

**Please indicate your verdict with a check mark (✓). Your verdict must be unanimous.**

**<u>COUNT ONE: Conspiracy</u>**

On the sole count of the indictment, participating in a conspiracy to commit wire fraud, how do you find the defendant, **DAVID BREND**, guilty or not guilty?

Guilty \_\_\_\_\_              Not Guilty \_\_\_\_\_

On the sole count of the indictment, participating in a conspiracy to commit wire fraud, how do you find the defendant, **GUSTAVO RODRIGUEZ**, guilty or not guilty?

Guilty \_\_\_\_\_              Not Guilty \_\_\_\_\_

*(Please proceed to the last page, page 2)*

**Court Exhibit 6**

**Please proceed to the signature line below.**

**SIGNATURE LINE**

Foreperson and other jurors, please sign and date the verdict sheet.  Then, without disclosing your verdict, advise the Marshal that you have reached a verdict and are ready to return to the courtroom for the announcement of the verdict.

_____        _____
Foreperson

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

Dated:  _____

**Court Exhibit 7**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 22 cr. 551 (JLR) |
| DAVID BREND and GUSTAVO RODRIGUEZ, | |
| Defendants. | |

JENNIFER L. ROCHON, United States District Judge:

## <u>VERDICT FORM</u>

**Please indicate your verdict with a check mark (✓). Your verdict must be unanimous.**

## <u>COUNT ONE: Conspiracy</u>

On the sole count of the indictment, participating in a conspiracy to commit wire fraud, how do you find the defendant, **DAVID BREND**, not guilty or guilty?

Not Guilty _____                              Guilty _____

On the sole count of the indictment, participating in a conspiracy to commit wire fraud, how do you find the defendant, **GUSTAVO RODRIGUEZ**, not guilty or guilty?

Not Guilty _____                              Guilty _____

*(Please proceed to the last page, page 2)*

**Please proceed to the signature line below.**

**SIGNATURE LINE**

Foreperson and other jurors, please sign and date the verdict sheet.  Then, without disclosing your verdict, advise the Marshal that you have reached a verdict and are ready to return to the courtroom for the announcement of the verdict.

_____        _____
Foreperson

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

Dated:   _____

**Court Exhibit 8**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DAVID BREND and GUSTAVO RODRIGUEZ,<br><br>              Defendants. | Case No. 22 cr. 551 (JLR) |

JENNIFER L. ROCHON, United States District Judge:

**<u>JURY INSTRUCTIONS</u>**

# TABLE OF CONTENTS

I. GENERAL INSTRUCTIONS ................................................................. 1

    A.      Introductory Remarks ......................................................... 1

    B.      Role of the Court............................................................... 1

    C.      Role of the Jury ................................................................. 2

    D.      Role of Counsel.................................................................. 2

    E.      The Government as a Party ................................................. 3

    F.      Improper Considerations: Race, Religion, National Origin, Sex or Age................. 4

    G.      Sympathy ......................................................................... 4

    H.      Indictment is Not Evidence ............................................... 5

    I.      Presumption of Innocence and Burden of Proof .................. 5

    J.      Reasonable Doubt ............................................................. 5

    K.      What Is and Is Not Evidence .............................................. 6

    L.      Particular Investigative Techniques Not Required ............... 7

    M.      Direct and Circumstantial Evidence ................................... 8

    N.      Witness Credibility ........................................................... 9

    O.      Prior Inconsistent Statements ........................................... 11

    P.      Defendants' Right not to Testify......................................... 12

    Q.      Law Enforcement and Witnesses ....................................... 12

    R.      Accomplice Testimony ...................................................... 13

    S.      False Exculpatory Statements ........................................... 14

    T.      Uncalled Witnesses – Equally Available ............................ 15

    U.      Persons Not on Trial .......................................................... 15

    V.      Preparation of Witnesses................................................... 15

    W.      Stipulations ...................................................................... 16

    X.      Punishment is Not to be Considered by the Jury ................. 16

II. INSTRUCTIONS ON THE CHARGE AGAINST THE DEFENDANTS ..................... 16

    A.      The Indictment ................................................................. 16

    B.      Structure of the Indictment ............................................... 17

    C.      Consider Each Defendant Separately.................................. 18

    D.      Conspiracy: General Instructions....................................... 18

    E.      Count One – Conspiracy: Elements of the Offense ............. 19

            1.      Conspiracy: First Element – Existence of the Conspiracy........... 20

            2.      Conspiracy: Second Element – Membership in the Conspiracy... 21

F.    Wire Fraud – Summary ........................................................................ 23

G.    Wire Fraud – Elements of the Offense ................................................ 23

    1.    Wire Fraud: First Element – Existence of a Scheme or Artifice to Defraud ............................................................................. 24

    2.    Wire Fraud: Second Element – Participation in Scheme with Intent to Defraud ......................................................................... 26

        a.    Good Faith …………………………………………29

        b.    Conscious Avoidance ………………………………. 29

    3.    Wire Fraud: Third Element – Use of Interstate Wire .................. 31

H.    Liability for Acts and Declarations of Coconspirators ......................... 32

I.    Venue .................................................................................................. 33

III.    DELIBERATIONS OF THE JURY ................................................................. 33

A.    Selection and Duties of Foreperson ..................................................... 34

B.    Duty to Deliberate; Unanimous Verdict .............................................. 34

C.    Right to See Exhibits and Hear Testimony; Communication with the Court ....... 36

D.    Notes .................................................................................................. 36

E.    Verdict Form ...................................................................................... 37

F.    Return of Verdict ............................................................................... 37

IV.    CONCLUSION ............................................................................................. 37

## I.   GENERAL INSTRUCTIONS

### A.   Introductory Remarks

Members of the jury, you are about to enter your final duty, which is to decide the fact issues of this case.  I will now instruct you as to the law that governs this case.  You have been handed a copy of the instructions I will read.  You should feel free to read along or to just listen to me.  You will be able to take your copy of these instructions into the jury room.

You'll notice that I'm reading these instructions from a prepared text.  It would be livelier, no doubt, if I just improvised.  But it's important that I not do that.  The law is made up of words, and those words are very carefully chosen.  So, when I tell you the law, it's critical that I use exactly the right words.  Therefore, I may not be able to engage in as much eye contact as I would otherwise like.  But I know you will pay close attention and listen carefully, just as you have throughout this trial.

You have now heard all of the evidence in the case as well as the final arguments of the parties.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in this case.

There are three parts to these instructions.  First, I'm going to give you some general instructions about your role, and about how you are to decide the facts of the case.  Second, I'll give you some specific instructions about the legal rules applicable to the particular charges against the defendants.  Third, I'll give you some final instructions about procedures and deliberations.

### B.   Role of the Court

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions as to the law and to apply them to the facts as you determine them.  With respect to legal matters, you must take the law as I give it to you.  If any attorney has stated a legal

1

principle different from any that I state to you in my instructions, it is my instructions that you must follow.  You must not substitute your own notions or opinions of what the law is or what you think it ought to be.  You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.

### C.    Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts.  You evaluate the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.  Any opinion I might have regarding the facts is of absolutely no consequence.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts and to render judgment impartially and fairly, without bias or prejudice as to any party, solely on the evidence in this case and the applicable law.  Do not speculate or rely on matters not in evidence or outside of the case.

### D.    Role of Counsel

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  It is my job to rule on those objections.  Therefore, why an objection was made or why I ruled on it the way I did is not your concern.  You should draw no inference from the fact that an attorney objects to any evidence.  Nor should you draw any inference from the fact that I might have sustained or overruled an objection.  If I sustained the objection, you may not consider the testimony or exhibit at issue; if I

2

overruled the objection, you may consider the testimony or exhibit just as you would any other evidence in the case.

The personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed opinions or had reactions of any kind to the lawyers here, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those opinions or reactions should not enter into your deliberations.

During the course of the trial, I may have had to correct the presentation of an attorney, for example, to ask them to rephrase a question. You should draw no inference against the attorney or the client. It is the duty of the attorneys to advocate on behalf of their clients.

From time to time, the lawyers and I had conferences out of your hearing. These conferences involved procedural and other legal matters, and should not enter into your deliberations at all.

### E.       The Government as a Party

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to each defendant, who is charged with a serious crime.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

### F.      Improper Considerations: Race, Religion, National Origin, Sex or Age

In reaching decision as to whether the Government has sustained its burden of proof, it would be improper for you to consider any personal feelings you have about a defendant's race, religion, national origin, gender, sexual orientation, or age.

Similarly, it would be improper for you to consider any personal feelings you have about the race, religion, national origin, gender, sexual orientation, or age of any other witness or anyone else involved in this case. The defendants are entitled to a trial free from prejudice, and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence. It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision-making process. To repeat, your verdict must be based exclusively upon the evidence or lack of evidence in the case.

### G.      Sympathy

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the defendant you are considering beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant you are considering is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you. It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to a defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal. But on the other hand, if you should find that the

government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

### H.    Indictment is Not Evidence

The defendants are charged with a crime about which I will instruct you shortly. A charge is called a "count." I will refer to the count in the charging instrument, called an indictment, but you will not be furnished with the Indictment itself, because an indictment is merely a statement of the charge and is not itself evidence.

### I.    Presumption of Innocence and Burden of Proof

Each defendant has pleaded not guilty to the charge in the Indictment. To convict a defendant, the burden is on the prosecution to prove that defendant's guilt of each element of the charge beyond a reasonable doubt. This burden never shifts to the defendant, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, each defendant starts with a clean slate and is presumed innocent of each charge until such time, if ever, that you as a jury are satisfied that the government has proven a given defendant is guilty of a given charge beyond a reasonable doubt.

### J.    Reasonable Doubt

Since, to convict a defendant of a given charge, the government is required to prove that charge beyond a reasonable doubt, the question then is: What is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason. It is doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of a convincing character that a reasonable person would not hesitate to rely upon in making an important decision.

A reasonable doubt is not caprice or whim. It is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. The law does not require that the government prove guilt beyond all possible doubt: proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to the guilt of the defendant you are considering with respect to the charge against him, you must find the defendant not guilty of the charge. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt with respect to the charge against him, you should find that defendant guilty of that charge.

### K.      What Is and Is Not Evidence

In determining the facts, you must rely upon your own recollection of the evidence.  The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence.  What is important is the quality of the evidence and not the number of witnesses, or the number or variety of exhibits, or the length of time spent on a subject.  Simply because I have permitted certain evidence to be introduced does not mean that I have decided on its importance or significance.  It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

The only exhibits that are evidence in this case are those that were received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection.

We have, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document or recording was taken out. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the other part of it has been deleted.

Some of the exhibits that were admitted into evidence were in the form of charts and summaries. For these charts and summaries that were admitted into evidence, you should consider them as you would any other evidence, which includes assessing the accuracy of the information contained in those charts or summaries.

As I told you at the start of this case, statements and arguments by the lawyers are not evidence, because the lawyers are not witnesses.  What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict.  If your recollection of the facts differs from the lawyers' statements, however, it is your recollection that controls.

For the same reasons, you are not to consider a lawyer's questions, restatement of exhibits, or summarizing of a witness's testimony as evidence.  It is the witnesses' answers to those questions or the exhibits themselves that are evidence.  Similarly, any statements that I may have made do not constitute evidence.

Finally, this means, of course, that anything you may have heard or read outside of this courtroom – on the internet, in the news media, or anywhere else – may play no role in your deliberations.  Your decision in this case must be made solely on the evidence presented at trial.

### L.     Particular Investigative Techniques Not Required

You may have heard reference, in the arguments and cross-examination of the defense in this case, to the fact that certain investigative techniques were or were not used by law enforcement authorities. There is no legal requirement that the law enforcement investigate crimes in a particular way or that the Government prove its case through any particular means. While you are to carefully consider the evidence presented, you need not speculate as to why they used the techniques they did, or why they did not use other techniques. The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of each defendant has been proven beyond a reasonable doubt.

**M.      Direct and Circumstantial Evidence**

In deciding whether or not the Government has met its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly. For example, when a witness testifies to what he or she saw, heard or observed, that is called direct evidence. For example, if a witness testified that when he or she left the house this morning, it was raining, that would be direct evidence about the weather. Direct evidence may also be in the form of an exhibit.

Circumstantial evidence is evidence from which you may infer the existence of certain facts. For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella, that was dripping wet. Then a few minutes later another person entered with a wet raincoat. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So, you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact. As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion which you might reasonably draw from other facts that have been proven. Many material facts – such as

what a person was thinking or intending – are not as easily proven by direct evidence. Proof of such matters may be established by circumstantial evidence.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you, the jury, are permitted to draw-but not required to draw from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based on direct or circumstantial evidence, or on the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of each defendant beyond a reasonable doubt before you may convict that defendant.

### N.    Witness Credibility

It must be clear to you by now that the Government and the defendants are asking you to draw very different conclusions about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each

witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the Government or the defendant that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

You should also consider whether a witness had an opportunity to observe the facts he or she testified about. Also, you should consider whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In evaluating credibility of the witnesses, you should also take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Therefore, if you find that any witness whose testimony you are considering may have an interest in the

outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.

In sum, what you must try to do in deciding credibility is to size up a person just as you would in any important matter when you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

### O.    Prior Inconsistent Statements

You have heard evidence that certain witnesses may have made statements on earlier occasions that counsel argue are inconsistent with their trial testimony.  Evidence of any such prior inconsistent statement was placed before you to help you decide whether to believe the trial testimony of the witness who may have contradicted himself or herself.  If you find that a witness made an earlier statement that conflicts with that witness's trial testimony, you may consider that fact in deciding how much of the trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense. If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters. You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

It is exclusively your duty, based upon all the evidence and your own good judgment, to

determine whether the prior statement was inconsistent, and if so, how much, if any, weight should be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

### P.      Defendants' Right Not to Testify

The defendants, David Brend and Gustavo Rodriguez, did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to any defendant.  A defendant is never required to prove that he is innocent.

You must not attach any significance to the fact that a given defendant did not testify. No adverse inference against a defendant may be drawn by you because he did not take the witness stand, and you may not consider it in any way in your deliberations in the jury room.

### Q.      Law Enforcement and Witnesses

You have heard the testimony from law enforcement witnesses. The fact that a witness may be employed by a federal, state, or city government does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for the defense to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of such witnesses and to give to that testimony the weight you find it deserves.

### R.     Accomplice Testimony

You have heard from witnesses who testified that they were actually involved in carrying out the scheme charged in the Indictment. There has been a great deal said about these so-called accomplice witnesses in the summations of counsel regarding whether or not you should believe them.

The law allows the use of accomplice testimony, and such testimony is properly considered by the jury. Indeed, it is the law in federal courts that the testimony of an accomplice may be enough by itself for a conviction if the jury finds that the testimony establishes guilt beyond a reasonable doubt. However, it is also the case that accomplice testimony is of such a nature that it must be scrutinized with great care and viewed with special caution. Like the testimony of any other witness, an accomplice's testimony should be given such weight as it deserves in light of all the facts and circumstances.

I have given you some general considerations on credibility, and I am not going to repeat those here, nor will I repeat the arguments that have been made by both sides. However, let me say a few things that you may want to consider during your deliberations on the subject of accomplices.

The fact that a witness is an accomplice should be considered by you as bearing on his or her credibility. However, it does not follow that, simply because a person has admitted participation in one or more of the crimes, he is incapable of giving a truthful version of what happened. You should, of course, consider whether the testimony was motivated by reward or self-interest or hostility to the defendant. You should ask yourself whether the so-called accomplice would benefit more by lying or by telling the truth. For example, was his testimony made up in any way because he believed that he would somehow receive favorable treatment by

13

testifying falsely? Or did he believe that his or her interest would best be served by testifying truthfully?

As another example, if you believe a witness was motivated by personal gain, was the motivation one that would cause him or her to lie, or was it one that would cause him or her to tell the truth? And did this motivation color his or her testimony?

Obviously, you should reject the testimony if you find it was false. However, if after a cautious and careful examination of the testimony and the witness's demeanor, you are satisfied that the testimony is true, you should accept it as credible and act on it accordingly. You may also accept parts and reject parts of the testimony of an accomplice or any witness, as I have earlier explained.

You have heard testimony and arguments regarding an agreement between the Government and these accomplice witnesses. It is of no concern of yours why the Government has made an agreement with a witness. Your sole concern is to decide whether the witness has given truthful testimony in this Court before you.

In sum, you should look to all the evidence in deciding what credence and what weight, if any, you will give to the testimony of the accomplice witnesses.

### S.      False Exculpatory Statements

You have heard testimony that a defendant made statements in which he claimed that his conduct was consistent with innocence and not with guilt. The Government claims that these statements in which the defendant exculpated himself are false. If you find that the defendant gave a false statement to divert suspicion from his scheme, you may infer that the defendant believed that he was guilty. You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of the crime with which he is charged.

Whether the evidence as to a defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

**T.      Uncalled Witnesses – Equally Available**

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify. I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

**U.      Persons Not on Trial**

You may not draw any inference, favorable or unfavorable, toward the Government or the defendants from the fact that any person was not named as a defendant in this case, and you may not speculate as to the reasons why other persons are not on trial before you now. Those matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

**V.      Preparation of Witnesses**

You have heard evidence during the trial that certain witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I instruct you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits

before being questioned about them here. In fact, it would be unusual for a lawyer to call a witness without such meetings.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

### W.   Stipulations

In this case you have heard evidence in the form of stipulations of fact. A stipulation of fact is an agreement between the parties that a certain fact is true. You must regard such agreed upon facts as true.

### X.   Punishment is Not to be Considered by the Jury

The question of possible punishment of a defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the court. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon the defendant, if the defendant is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

## II.   INSTRUCTIONS ON THE CHARGE AGAINST THE DEFENDANTS

I will turn now to my instructions on the law to be applied to this case with respect to the particular charge brought against the defendants.

### A.   The Indictment

The defendants, David Brend and Gustavo Rodriguez, are formally charged in what is called an Indictment. An Indictment is simply an accusation. It is no more than the means by which a criminal case is started. It is not evidence. It is not proof of a defendant's guilt. It creates

no presumption, and it permits no inference that a defendant is guilty. You are to give no weight to the fact that an Indictment has been returned against the defendants.

I will first summarize the offense charged in the Indictment and then I will read the Indictment to you.

The Indictment contains a total of one count, or charge.  That count charges that David Brend and Gustavo Rodriguez participated in a conspiracy to commit wire fraud from at least in or about May 2018 to in or about December 2019.

Specifically, Count One of the Indictment charges the defendants with violating 18 U.S.C. § 1349 by participating in a conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1343.  Section 1349 provides, in relevant part:

> Any person who attempts or conspires to commit any offense under
> this chapter [commits a crime].

Section 1349 refers to offenses under "this chapter," which includes Section 1343, which is wire fraud. I will discuss the elements of that crime later in this instruction.

I will now read the Indictment to you.  [Indictment read to the jury]

The defendants deny that they are guilty of the charge in the Indictment.

## B.      Structure of the Indictment

You will note that the word "and" is used between charging words in the Indictment. For example, the Indictment charges that the defendants "combine[d], conspire[d], confederate[d], and agree[d] together and with each other to commit wire fraud."

You should treat the conjunctive "and" as it appears in the Indictment as being a disjunctive "or." Thus, it is enough, for example, that the proofs show that the defendants combined, conspired, confederated, or agreed together and with each other to commit wire fraud.

In addition, it does not matter if the Indictment charges that a specific act occurred on or about a certain date, and the evidence indicates that, in fact, it was on another date. The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by testimony or exhibits. Further, it is not required that each defendant committed a charged crime throughout the entire time period charged in a particular count; it is sufficient for the Government to prove beyond a reasonable doubt that at some time during the period charged in the Indictment, the defendant you are considering participated in the charged crime.

### C.    Consider Each Defendant Separately

There are two defendants on trial before you, Mr. Brend and Mr. Rodriguez. In reaching a verdict, however, you must bear in mind that your consideration of whether the government has proven that an individual is guilty or not is an individualized determination. Your verdict as to each defendant must be determined separately with respect to him, solely on the evidence, or lack of evidence, presented against him without regard to the guilt or innocence of anyone else.

### D.    Conspiracy: General Instructions

Before I give you more specific instructions about Count One, let me explain generally about the crime of conspiracy. A conspiracy is a kind of criminal partnership, a combination or agreement of two or more persons to join together to accomplish some unlawful purpose. The crime of conspiracy, or agreement, to violate a federal law as charged in the Indictment, is an independent offense. It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as, "substantive crimes." Indeed, you may find the defendant you are considering guilty of the crime of conspiracy to commit wire fraud, that is, guilty of agreeing with another to commit wire fraud, even if the substantive crime of wire fraud, which was the object of the conspiracy, was not actually committed.

18

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful. This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct and increases the likelihood of success of a particular criminal venture. Each member of a conspiracy may perform separate and individual acts. Some conspirators play major roles, while others play minor roles in the scheme. The law does not require that each member of the conspiracy play an equal role. When people enter into a conspiracy to accomplish an unlawful end, they become agents and partners of one another in carrying out the conspiracy. In fact, even a single act or agreement may be sufficient to draw a defendant within the scope of a conspiracy.

### E.   Count One – Conspiracy: Elements of the Offense

To sustain its burden of proof with respect to Count One, the Government must prove beyond a reasonable doubt each of the following two elements:

First, the existence of the conspiracy charged in Count One. In other words, the Government must prove that, from at least in or about May 2018 up to and including in or about December 2019, or any portion of that time period, there was, in fact, an agreement or understanding among two or more persons to commit wire fraud.

Therefore, the first question for you on Count One is: Did the conspiracy alleged in Count One of the Indictment exist?

Second, the Government must prove that the defendant you are considering knowingly and willfully joined the conspiracy charged in Count One.

Now, let us separately consider the two elements. First, the existence of the conspiracy; and, second, whether the defendant knowingly and willfully joined the conspiracy.

### 1.    Conspiracy: First Element – Existence of the Conspiracy

The first element that the Government must prove, beyond a reasonable doubt, is that the conspiracy actually existed. A conspiracy is an agreement or an understanding of two or more persons to accomplish an unlawful or criminal purpose by joint action. Count One of the Indictment alleges that the unlawful purpose of the conspiracy was to commit wire fraud.

In order for the government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement; indeed, a single conspiracy may encompass members who neither know one another's identities, nor specifically know of one another's involvement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof.  However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.

In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words. In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.

20

In considering this first element, you should consider all the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator and such inferences as may be reasonably drawn from them. It is sufficient to establish the existence of the conspiracy, as I've already said, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding way to accomplish, by the means alleged, the objective of the conspiracy.

In this case, Count One of the Indictment charges that the objective of the conspiracy was to commit wire fraud, in violation of 18 U.S.C. § 1343.

In a moment I will instruct you about the elements of that object crime, that is, the elements of wire fraud. If you find that the conspirators agreed to accomplish that objective, then the illegal purpose element will be satisfied.

### 2.      Conspiracy: Second Element – Membership in the Conspiracy

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count One existed, then you must next determine whether the defendant you are considering knowingly and willfully joined that conspiracy.

What do I mean by "knowingly and willfully" joining the conspiracy? To act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently. To act "willfully" means to act voluntarily and with a wrongful purpose.

In the context of a conspiracy, it is not necessary that a defendant be fully informed as to all the details of the conspiracy, or have known the identities of each and every member of the conspiracy, or be apprised of all of the co-conspirators' activities, in order to justify an inference of knowledge on his part. To have guilty knowledge, the defendant need not have known the full extent of the conspiracy or all of its activities or all of its participants.

Nor is it necessary that a defendant receive any monetary benefit from participating in a conspiracy, or that he has a financial stake in the outcome, so long as he, in fact, participated in the conspiracy in the manner I have explained. However, you are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant you are considering had such an interest, that is a factor which you may properly consider in determining whether or not the defendant you are considering was a member of the conspiracy charged in the Indictment.

The duration and extent of a defendant's participation has no bearing on the issue of his guilt. A conspirator's liability is not measured by the extent or duration of his or her participation. Indeed, each member of the conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators may play major roles while others play minor roles in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.

I want to caution, however, that a defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy. Similarly mere association with one or more members of the conspiracy does not by itself make a defendant a member. A person may know, or be friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy.

I also want to caution you that mere knowledge of or acquiescence to, without participation in, the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy does not make a defendant a member of the conspiracy. More is required under the

law. What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

Because the crime charged is conspiracy, the Government does not have to prove that the goal of the conspiracy was achieved. Thus, it does not matter whether wire fraud was actually committed. The crime of conspiracy is complete when an unlawful agreement is made to commit a crime, even if no member of the conspiracy actually commits the crime that is the goal of the conspiracy.

If you find that the Government has proven both elements of conspiracy to commit wire fraud, beyond a reasonable doubt, as to the defendant you are considering, then you must find that defendant guilty. On the other hand, if you find that the Government failed to prove one or more elements of conspiracy to commit wire fraud as to that defendant, then you must find that defendant not guilty. Either way, you will record your verdict on the Verdict Sheet.

### F.  Wire Fraud – Summary

The Indictment charges that the objective of the conspiracy was to commit wire fraud, in violation of 18 U.S.C. § 1343. That statute provides in relevant part:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio or television communications in interstate, or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be [guilty of a crime].

I will now instruct you on the elements of wire fraud.

### G.  Wire Fraud – Elements of the Offense

The object of the alleged conspiracy—wire fraud—has the following three elements:

First, that in or about the times alleged in the Indictment, there was a scheme or artifice to defraud others of money or property by means of materially false or fraudulent pretenses, representations, or promises;

Second, that the defendant knowingly devised or participated in the scheme or artifice to defraud, with specific intent to defraud; and

Third, that in the execution of that scheme, the defendant himself used, or caused the use by others, of interstate or foreign wires, as specified in the Indictment.

Here, of course, since the Indictment alleges that wire fraud is the object of the charged conspiracy, what the Government must prove beyond a reasonable doubt is that the conspirators agreed that the elements of wire fraud would be satisfied, and not that the wire fraud itself actually occurred.

## 1.       Wire Fraud: First Element – Existence of a Scheme or Artifice to Defraud

The first element of wire fraud is the existence of a scheme or artifice to defraud others of money or property by means of materially false or fraudulent pretenses, representations, or promises.  I will now explain to you what these terms mean.  They are almost self-explanatory.

A "scheme or artifice" is simply a plan, device, or course of conduct to accomplish an objective.  "Fraud" is a general term.  It is a term that includes all the possible means by which a person seeks to gain some unfair advantage over another person by false representations, false suggestion, false pretenses, or concealment of the truth.  The unfair advantage sought can involve money, property, or any other thing of value.

Thus, a "scheme to defraud" is merely a plan to deprive another of money or property by trick, deceit, deception or swindle.

24

The scheme to defraud here is alleged to have been carried out by making false or fraudulent statements, representations, claims, and electronic documents or websites. A statement, representation, claim, or document is false if it was untrue when made and was then known to be untrue by the person making it or causing it to be made.  A representation or statement is fraudulent if it was falsely made with the intention to deceive.  Deceitful statements of half-truths or involving the concealment of material facts or the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statute. If there is deception, the manner in which it is accomplished is immaterial. You may also find the existence of such a scheme if you find that the defendant in question conducted himself in a manner that departed from traditional notions of fundamental honesty and fair play in the general business life of society.

The deceptive means that are prohibited are also not limited to active misrepresentations or lies told to the intended victim of the scheme. Just as affirmatively stating facts as true when the facts are not true may constitute a false representation, the law recognizes that false representations need not be based on spoken words alone. The deception may arise from the intentional omission or concealment of facts that make what was written, said, or done deliberately misleading. The misrepresentation may be written, oral, or arise from a course of conduct intended to communicate false facts to the intended victim.

The false representations and pretenses must be "material." We use the word "material" to distinguish between the kinds of statements we care about and those that are of no real importance. A "material" fact is one which reasonably would be expected to be of concern to a reasonable and prudent person relying on the statement in making a decision.  That means if you find a particular statement of fact to have been untruthful, before you can find that statement or

omission to be material, you must also find that the statement or omission was one that would have mattered to a reasonable person in making such a decision. In particular, you must find that the statement or omission was one that would have mattered to a reasonable person in a pecuniary or monetary way. Actual reliance by the person on the representation is not required; it is sufficient if the representation is one that is capable of influencing the person's decision and is intended by the defendant to do so. The Government need not prove an actual loss of money by an intended victim. Likewise, it is not necessary for the Government to establish that the defendant actually realized any gain from the scheme, or that he personally originated the scheme to defraud. What matters is whether there existed a scheme to defraud.

Furthermore, it does not matter whether the victim might have discovered the fraud had it probed further or whether the victim did discover the fraud and failed to act upon that discovery.

If you find that a scheme or artifice existed, it is irrelevant whether you believe that the victim was careless, gullible, or even negligent. A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case. If you find that the Government has sustained its burden of proof that a scheme to defraud others of money or property did exist, as charged, you next should consider the second element.

### 2.      Wire Fraud: Second Element – Participation in Scheme with Intent to Defraud

The second element is that the defendant you are considering devised or participated in the scheme or artifice to defraud knowingly and with an intent to defraud.

The words "devised" and "participated" are words that you are familiar with and, therefore, I do not need to spend much time defining them for you. To "devise" a scheme to defraud is to concoct or plan it. To "participate" in a scheme to defraud means to associate oneself with it with a view and intent toward making it succeed. While a mere onlooker is not a

participant in a scheme to defraud, it is not necessary that a participant be someone who personally and visibly executes the scheme to defraud.

As I explained to you earlier, to act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently. A person acts "intentionally" if he acts deliberately and purposefully; that is, the actions of the defendant you are considering must have been his conscious objective rather than the product of mistake, accident, negligence, or some other innocent reason. Thus, "intent to defraud" means to act knowingly and with the specific purpose of wrongfully obtaining money or property of another person or entity through fraudulent means.

To satisfy this element, I remind you that it is not necessary for the Government to establish that a defendant originated the scheme to defraud. It is sufficient if you find that a scheme to defraud existed, even if originated by another, and that the defendant, while aware of the scheme's existence, knowingly participated in it.

It is also not required that the defendant participate in or have knowledge of all of the operations of the scheme. The guilt of the defendant is not governed by the extent of his participation.

It also is not necessary that the defendant have participated in the alleged scheme from the beginning. A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all of its details, and intentionally acts in a way to further the unlawful goals, becomes a member of the scheme and is legally responsible for all that may have been done in the past in furtherance of the criminal objective and all that is done thereafter.

Even if the defendant participated in the scheme to a lesser degree than others, he is nevertheless equally guilty, so long as the defendant became a member of the scheme to defraud with knowledge of its general scope and purpose.

It is not necessary for the Government to prove that the defendant you are considering was motivated solely by improper considerations. The Government will have satisfied its burden of proof on this element if you find that the defendant you are considering had an intent wrongfully to obtain funds of another, even if that defendant also had other proper or neutral reasons for his actions.

The question of whether a person acted knowingly and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves the defendant's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. Indeed, it would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense." Using your common sense means that, when you come to decide whether the defendant you are considering possessed or lacked an intent to defraud, you need not limit yourself to just what the particular defendant

said, but you may also look at what the defendant did and what others did in relation to the defendant and, in general, everything that occurred.

### a.    Good Faith

Since an element of wire fraud is intent to defraud, good faith is a complete defense to the charge.   A defendant acted in good faith if he honestly believed, even if mistaken, that all material facts were true and disclosed and did not act knowingly or with the specific purpose of wrongfully obtaining money or property of another person or entity through fraudulent means. The burden is on the Government to prove intent, and the consequent lack of good faith, beyond a reasonable doubt.  A defendant is under no burden to prove his good faith.

### b.    Conscious Avoidance

As I just explained, the Government is required to prove that the defendant acted knowingly, as I have already defined that term. In addition to a person actually being aware of a fact, the law also allows you to find that the defendant had knowledge of a fact when the evidence shows that he was aware of a high probability of that fact but intentionally avoided confirming that fact. The law calls this "conscious avoidance" or "willful blindness."

In determining whether the Government has proven beyond a reasonable doubt that the defendant you are considering acted knowingly with respect to the offense charged in the Indictment, you may consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him. One may not willfully and intentionally remain ignorant of a fact important to his conduct in order to escape the consequences of criminal law.

Thus, if you find beyond a reasonable doubt that the defendant you are considering acted with a conscious purpose to avoid learning some relevant fact, then you may treat the defendant as though he knew that the fact existed. However, guilty knowledge may not be established by

demonstrating that the defendant was merely negligent, foolish, or mistaken, and you may not rely on willful blindness as the basis for treating the defendant as though he was aware of the existence of a fact if you find that the defendant actually believed that the fact did not exist. It is entirely up to you whether you find that the defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

In determining whether the defendant you are considering acted knowingly, you may consider whether he deliberately closed his eyes to what otherwise would have been obvious. Thus, if you find beyond a reasonable doubt that the defendant you are considering knew there was a high probability that a criminal offense was being committed, but deliberately and consciously avoided confirming this fact, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge, unless you find that the defendant actually believed that he was acting in a lawful manner.

Here, because the defendants are charged with participating in a conspiracy, it is important to note that the concept of conscious avoidance cannot be used as a substitute for finding that the defendants knowingly agreed to a joint undertaking, and you can only find the defendants guilty if the evidence proves, beyond a reasonable doubt, that the defendant you are considering knowingly and willfully was or became a member of the conspiracy charged in the Indictment, and that he became a member with knowledge of its criminal goal, willfully and intending by his actions to help it succeed. However, if you find beyond a reasonable doubt that the defendant you are considering entered into such an agreement, you may—if the evidence proves it beyond a reasonable doubt—rely on a finding of conscious avoidance to decide whether he knew that the specific objective or goal of that agreement was to engage in wire fraud.

### 3.       Wire Fraud: Third Element – Use of Interstate Wire

The third and final element is that interstate or foreign wire facilities were used in furtherance of the scheme to defraud.

Wires include telephones, faxes, e-mail, internet communication, radios, television, and text and WhatsApp messages. A wire communication also includes a wire transfer of funds between banks. "Interstate" just means that a wire communication passes between two or more states. "Foreign" just means that a wire communication passes between the United States and another country, in either direction. The use of the wire need not itself be fraudulent. Stated another way, the wire communication need not contain any fraudulent representation, or even any request for money. It is sufficient if a wire is used to further or assist in carrying out the scheme to defraud.

It is not necessary for the defendant to be directly or personally involved in any wire communication, as long as the communication is reasonably foreseeable in the execution of the scheme to defraud in which the defendant is accused of participating.

In this regard, it would be sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others; and this does not mean that the defendant himself must have specifically authorized others to execute a wire communication. When one does an act with knowledge that the use of the wire will follow in the ordinary course of business, such as a wire transfer between banks, or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used.

Incidentally, this wire communication requirement is satisfied even if the wire communication was done by a person with no knowledge of the fraudulent scheme, including the intended victim of the fraud.

Only a wire communication must be reasonably foreseeable, not its interstate component. Thus, if you find that the wire communication was reasonably foreseeable and the interstate wire communications actually took place, then this element is satisfied, even if it was not foreseeable that the wire communication would cross state lines.

The Government must establish that the wire fraud that is the object of the conspiracy charged in the Indictment contemplated the use of a wire as charged in the Indictment.

### H.    Liability for Acts and Declarations of Coconspirators

I have admitted at this trial evidence of acts and statements of other individuals when such acts were committed and such statements were made by a person who, the Government claims, was also a co-conspirator of the defendants, even if each defendant was not present for those acts and statements.

The reason for allowing this evidence has to do with the nature of a conspiracy. Under the law, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent or partner for the other conspirators in carrying out the conspiracy.

Therefore, you may consider against the defendant you are considering any acts or statements made by anyone you find to have been his coconspirator, even if such acts or statements were not made in his presence or with his knowledge. Acts or statements made in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts or statements of all of the members, and all of the members are responsible for such acts or statements.

### I.      Venue

In addition to all the elements of the charged crime that I have described for you, you must decide whether any act in furtherance of the charged crime occurred within the Southern District of New York. The Southern District of New York encompasses Manhattan, the Bronx, Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan counties. Anything that occurs in the counties I have listed for you occurs in the Southern District of New York.

With respect to conspiracy, the Government need not prove that any crime was completed in this district or that the defendant or any of their coconspirators were physically present here. Rather, venue is proper in this district if any of the defendants or coconspirators caused any act or event to occur in this district in furtherance of the offense, and it was reasonably foreseeable to the defendant that you are considering that the act would take place in the Southern District of New York.

I should note that on this issue the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. A "preponderance of the evidence" means that the Government must prove that it is more likely than not that the charged crime, or any act in furtherance of that crime, occurred in the Southern District of New York.

### III.      DELIBERATIONS OF THE JURY

Ladies and gentlemen of the jury, that concludes the portion of my instructions to you regarding the particular charges in this case.  You are about to go into the jury room and begin your deliberations. Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendants with respect to the Indictment. I will now give you a few final instructions on those deliberations.

### A.      Selection and Duties of Foreperson

The first thing that you should do when you retire to deliberate is to select one of you to function as your foreperson.  Traditionally Juror Number 1 serves as the foreperson, but that is not mandatory.  You are free to select any member as your foreperson.  The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the court.  The foreperson will send out any notes, and when the jury has reached a verdict, the foreperson will notify the marshal that the jury has reached a verdict, and you will come into open court to present the verdict.

### B.      Duty to Deliberate; Unanimous Verdict

You are not to discuss the case unless and until all jurors are present.  A majority of jurors together is only a gathering of individuals.  Only when all jurors are present do you constitute the jury, and only then may you deliberate.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obligated on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

The government, to prevail, must prove the essential elements by the required degree of proof, as already explained in these instructions. If it succeeds, your verdict should be guilty; if it fails, it should be not guilty. To return a verdict, it is necessary that each juror agree to it.  In other words, your verdict must be unanimous.

Your function is to weigh the evidence in the case and determine whether or not each defendant is guilty, solely upon the basis of such evidence.  Unanimity is required with respect to each defendant on the charged count.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors. That is the very purpose of jury deliberation—to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence—if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Please remember, you are not partisans. You are judges — judges of the facts — not representatives of a constituency or cause. Your sole interest is to seek the truth from the evidence in this case.

Let me also remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law. Under your oath as jurors, you are not to be swayed by sympathy. You are to be guided solely by the evidence presented during the trial and the law as I have given it to you, without regard to the consequences of your decision.

You have been chosen to try issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with clear thinking, there is a risk you will not come to a just result. Both sides are entitled to a fair trial. You are to make a fair and impartial decision so that you come to a just verdict.

Your final vote must reflect your conscientious conviction as to how the issues should be decided. Your verdict, whether guilty or not guilty, must be unanimous.

**C.      Right to See Exhibits and Hear Testimony; Communication with the Court**

All of the exhibits admitted into evidence will be sent to the jury room with you.  If you want any of the testimony read, you may request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.

Your requests for testimony – in fact <u>any</u> communications with the Court – should be made to me in writing, signed, dated, and timed by your foreperson, and given to one of the marshals.  Please make any notes as clear and precise as possible. I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person. If you are divided, do not report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

**D.      Notes**

Some of you have taken notes periodically throughout this trial.  I want to emphasize to you, as you are about to begin your deliberations, that notes are solely to assist you as an aid to your memory.  Do not share your notes with other jurors during deliberations.  Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.  All jurors' recollections are equal.  If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

### E.      Verdict Form

In a few moments, I will give you the verdict form with the questions for you to answer and you will retire to deliberate on your decision.  The form is not evidence in this case and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law that I've already given you. And nothing in it replaces or modifies the instructions about the elements the Government must prove beyond a reasonable doubt.  The form is meant only to assist you in recording your verdict, and ultimately, indicating your verdict and announcing it in court.

### F.      Return of Verdict

After you have reached a verdict, your foreperson will fill in the verdict form that has been given to you, you will all sign and date it. Your foreperson will then advise the marshal outside your door that you are ready to return to the courtroom for the foreperson to announce the verdict.  Your foreperson will then bring the verdict form into the courtroom when I bring you back into the courtroom to announce the verdict.

I stress again that each of you must be in agreement with the verdict which is announced in court.  Once your verdict is announced and officially recorded, it cannot ordinarily be revoked.

## IV.      CONCLUSION

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors, consider all of the evidence, apply your own common sense, and follow my instructions on the law, you will reach a fair verdict here.  Thank you for your time and attentiveness.

**Court Exhibit 9**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

DAVID BREND and GUSTAVO
RODRIGUEZ,

                        Defendants.

Case No. 22 cr. 551 (JLR)

JENNIFER L. ROCHON, United States District Judge:

## JURY INSTRUCTIONS

# TABLE OF CONTENTS

I.    GENERAL INSTRUCTIONS ........................................................................................ 1

    A.    Introductory Remarks ................................................................................ 1

    B.    Role of the Court....................................................................................... 1

    C.    Role of the Jury ......................................................................................... 2

    D.    Role of Counsel......................................................................................... 2

    E.    The Government as a Party ........................................................................ 3

    F.    Improper Considerations: Race, Religion, National Origin, Sex or Age............... 4

    G.    Sympathy .................................................................................................. 4

    H.    Indictment is Not Evidence ...................................................................... 5

    I.    Presumption of Innocence and Burden of Proof...................................... 5

    J.    Reasonable Doubt ..................................................................................... 5

    K.    What Is and Is Not Evidence .................................................................... 6

    L.    Particular Investigative Techniques Not Required ................................... 7

    M.    Direct and Circumstantial Evidence ........................................................ 8

    N.    Witness Credibility ................................................................................... 9

    O.    Prior Inconsistent Statements ................................................................ 11

    P.    Defendants' Right Not to Testify............................................................ 12

    Q.    Law Enforcement and Witnesses .......................................................... 12

    R.    Accomplice Testimony ........................................................................... 13

    S.    False Exculpatory Statements ................................................................ 14

    T.    Uncalled Witnesses – Equally Available ............................................... 15

    U.    Persons Not on Trial ............................................................................... 15

    V.    Preparation of Witnesses........................................................................ 15

    W.    Stipulations ............................................................................................. 16

    X.    Punishment is Not to be Considered by the Jury ................................... 16

II.    INSTRUCTIONS ON THE CHARGE AGAINST THE DEFENDANTS ..................... 16

    A.    The Indictment ....................................................................................... 16

    B.    Structure of the Indictment .................................................................... 17

    C.    Consider Each Defendant Separately...................................................... 18

    D.    Conspiracy: General Instructions........................................................... 18

    E.    Count One – Conspiracy: Elements of the Offense ............................... 19

            1.    Conspiracy: First Element – Existence of the Conspiracy........... 20

            2.    Conspiracy: Second Element – Membership in the Conspiracy... 21

F.    Wire Fraud – Summary ........................................................................ 23

G.    Wire Fraud – Elements of the Offense ............................................... 23

      1.    Wire Fraud: First Element – Existence of a Scheme or Artifice to
           Defraud ........................................................................................ 24

      2.    Wire Fraud: Second Element – Participation in Scheme with Intent
           to Defraud .................................................................................... 26

          a.    Good Faith …………………………………………….29

          b.    Conscious Avoidance ………………………………. 29

      3.    Wire Fraud: Third Element – Use of Interstate Wire .................. 31

H.    Liability for Acts and Declarations of Coconspirators .......................... 32

I.    Limiting Instruction ............................................................................. 33

J.    Venue ................................................................................................ 33

III.    DELIBERATIONS OF THE JURY ................................................................. 34

A.    Selection and Duties of Foreperson ..................................................... 34

B.    Duty to Deliberate; Unanimous Verdict .............................................. 34

C.    Right to See Exhibits and Hear Testimony; Communication with the Court ....... 36

D.    Notes ................................................................................................ 36

E.    Verdict Form ...................................................................................... 37

F.    Return of Verdict ................................................................................ 37

IV.    CONCLUSION ........................................................................................... 37

# I.    GENERAL INSTRUCTIONS

## A.    Introductory Remarks

Members of the jury, you are about to enter your final duty, which is to decide the fact issues of this case.  I will now instruct you as to the law that governs this case.  You have been handed a copy of the instructions I will read.  You should feel free to read along or to just listen to me.  You will be able to take your copy of these instructions into the jury room.

You'll notice that I'm reading these instructions from a prepared text.  It would be livelier, no doubt, if I just improvised.  But it's important that I not do that.  The law is made up of words, and those words are very carefully chosen.  So, when I tell you the law, it's critical that I use exactly the right words.  Therefore, I may not be able to engage in as much eye contact as I would otherwise like.  But I know you will pay close attention and listen carefully, just as you have throughout this trial.

You have now heard all of the evidence in the case as well as the final arguments of the parties.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in this case.

There are three parts to these instructions.  First, I'm going to give you some general instructions about your role, and about how you are to decide the facts of the case.  Second, I'll give you some specific instructions about the legal rules applicable to the particular charges against the defendants.  Third, I'll give you some final instructions about procedures and deliberations.

## B.    Role of the Court

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions as to the law and to apply them to the facts as you determine them.  With respect to legal matters, you must take the law as I give it to you.  If any attorney has stated a legal

principle different from any that I state to you in my instructions, it is my instructions that you must follow.  You must not substitute your own notions or opinions of what the law is or what you think it ought to be.  You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.

### C.    Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts.  You evaluate the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.  Any opinion I might have regarding the facts is of absolutely no consequence.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts and to render judgment impartially and fairly, without bias or prejudice as to any party, solely on the evidence in this case and the applicable law.  Do not speculate or rely on matters not in evidence or outside of the case.

### D.    Role of Counsel

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  It is my job to rule on those objections.  Therefore, why an objection was made or why I ruled on it the way I did is not your concern.  You should draw no inference from the fact that an attorney objects to any evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection.  If I sustained the objection, you may not consider the testimony or exhibit at issue; if I

2

overruled the objection, you may consider the testimony or exhibit just as you would any other evidence in the case.

The personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed opinions or had reactions of any kind to the lawyers here, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those opinions or reactions should not enter into your deliberations.

During the course of the trial, I may have had to correct the presentation of an attorney, for example, to ask them to rephrase a question. You should draw no inference against the attorney or the client. It is the duty of the attorneys to advocate on behalf of their clients.

From time to time, the lawyers and I had conferences out of your hearing. These conferences involved procedural and other legal matters, and should not enter into your deliberations at all.

### E.    The Government as a Party

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to each defendant, who is charged with a serious crime.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

**F.      Improper Considerations: Race, Religion, National Origin, Sex or Age**

In reaching decision as to whether the Government has sustained its burden of proof, it would be improper for you to consider any personal feelings you have about a defendant's race, religion, national origin, gender, sexual orientation, or age.

Similarly, it would be improper for you to consider any personal feelings you have about the race, religion, national origin, gender, sexual orientation, or age of any other witness or anyone else involved in this case. The defendants are entitled to a trial free from prejudice, and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence. It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision-making process. To repeat, your verdict must be based exclusively upon the evidence or lack of evidence in the case.

**G.      Sympathy**

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the defendant you are considering beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant you are considering is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you. It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to a defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal. But on the other hand, if you should find that the

government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

### H.    Indictment is Not Evidence

The defendants are charged with a crime about which I will instruct you shortly. A charge is called a "count." I will refer to the count in the charging instrument, called an indictment, but you will not be furnished with the Indictment itself, because an indictment is merely a statement of the charge and is not itself evidence.

### I.    Presumption of Innocence and Burden of Proof

Each defendant has pleaded not guilty to the charge in the Indictment. To convict a defendant, the burden is on the prosecution to prove that defendant's guilt of each element of the charge beyond a reasonable doubt. This burden never shifts to the defendant, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, each defendant starts with a clean slate and is presumed innocent of each charge until such time, if ever, that you as a jury are satisfied that the government has proven a given defendant is guilty of a given charge beyond a reasonable doubt.

### J.    Reasonable Doubt

Since, to convict a defendant of a given charge, the government is required to prove that charge beyond a reasonable doubt, the question then is: What is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason. It is doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of a convincing character that a reasonable person would not hesitate to rely upon in making an important decision.

A reasonable doubt is not caprice or whim. It is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. The law does not require that the government prove guilt beyond all possible doubt: proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to the guilt of the defendant you are considering with respect to the charge against him, you must find the defendant not guilty of the charge. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt with respect to the charge against him, you should find that defendant guilty of that charge.

### K.      What Is and Is Not Evidence

In determining the facts, you must rely upon your own recollection of the evidence.  The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence.  What is important is the quality of the evidence and not the number of witnesses, or the number or variety of exhibits, or the length of time spent on a subject.  Simply because I have permitted certain evidence to be introduced does not mean that I have decided on its importance or significance.  It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

The only exhibits that are evidence in this case are those that were received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection.

We have, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document or recording was taken out. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the other part of it has been deleted.

Some of the exhibits that were admitted into evidence were in the form of charts and summaries. For these charts and summaries that were admitted into evidence, you should consider them as you would any other evidence, which includes assessing the accuracy of the information contained in those charts or summaries.

As I told you at the start of this case, statements and arguments by the lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. If your recollection of the facts differs from the lawyers' statements, however, it is your recollection that controls.

For the same reasons, you are not to consider a lawyer's questions, restatement of exhibits, or summarizing of a witness's testimony as evidence. It is the witnesses' answers to those questions or the exhibits themselves that are evidence. Similarly, any statements that I may have made do not constitute evidence.

Finally, this means, of course, that anything you may have heard or read outside of this courtroom – on the internet, in the news media, or anywhere else – may play no role in your deliberations. Your decision in this case must be made solely on the evidence presented at trial.

### L.   Particular Investigative Techniques Not Required

You may have heard reference, in the arguments and cross-examination of the defense in this case, to the fact that certain investigative techniques were or were not used by law enforcement authorities. There is no legal requirement that the law enforcement investigate crimes in a particular way or that the Government prove its case through any particular means. While you are to carefully consider the evidence presented, you need not speculate as to why they used the techniques they did, or why they did not use other techniques. The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of each defendant has been proven beyond a reasonable doubt.

## M.    Direct and Circumstantial Evidence

In deciding whether or not the Government has met its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly. For example, when a witness testifies to what he or she saw, heard or observed, that is called direct evidence. For example, if a witness testified that when he or she left the house this morning, it was raining, that would be direct evidence about the weather. Direct evidence may also be in the form of an exhibit.

Circumstantial evidence is evidence from which you may infer the existence of certain facts. For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella, that was dripping wet. Then a few minutes later another person entered with a wet raincoat. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So, you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact. As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion which you might reasonably draw from other facts that have been proven. Many material facts – such as

what a person was thinking or intending – are not as easily proven by direct evidence.  Proof of such matters may be established by circumstantial evidence.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you, the jury, are permitted to draw-but not required to draw from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based on direct or circumstantial evidence, or on the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of each defendant beyond a reasonable doubt before you may convict that defendant.

### N.     Witness Credibility

It must be clear to you by now that the Government and the defendants are asking you to draw very different conclusions about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each

witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the Government or the defendant that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

You should also consider whether a witness had an opportunity to observe the facts he or she testified about. Also, you should consider whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In evaluating credibility of the witnesses, you should also take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Therefore, if you find that any witness whose testimony you are considering may have an interest in the

outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.

In sum, what you must try to do in deciding credibility is to size up a person just as you would in any important matter when you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

### O.    Prior Inconsistent Statements

You have heard evidence that certain witnesses may have made statements on earlier occasions that counsel argue are inconsistent with their trial testimony.  Evidence of any such prior inconsistent statement was placed before you to help you decide whether to believe the trial testimony of the witness who may have contradicted himself or herself.  If you find that a witness made an earlier statement that conflicts with that witness's trial testimony, you may consider that fact in deciding how much of the trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense. If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters. You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

It is exclusively your duty, based upon all the evidence and your own good judgment, to

determine whether the prior statement was inconsistent, and if so, how much, if any, weight should be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

### P.     Defendants' Right Not to Testify

The defendants, David Brend and Gustavo Rodriguez, did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to any defendant.  A defendant is never required to prove that he is innocent.

You must not attach any significance to the fact that a given defendant did not testify. No adverse inference against a defendant may be drawn by you because he did not take the witness stand, and you may not consider it in any way in your deliberations in the jury room.

### Q.     Law Enforcement and Witnesses

You have heard the testimony from law enforcement witnesses. The fact that a witness may be employed by a federal, state, or city government does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for the defense to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of such witnesses and to give to that testimony the weight you find it deserves.

**R.      Accomplice Testimony**

You have heard from witnesses who testified that they were actually involved in carrying out the scheme charged in the Indictment. There has been a great deal said about these so-called accomplice witnesses in the summations of counsel regarding whether or not you should believe them.

The law allows the use of accomplice testimony, and such testimony is properly considered by the jury. Indeed, it is the law in federal courts that the testimony of an accomplice may be enough by itself for a conviction if the jury finds that the testimony establishes guilt beyond a reasonable doubt. However, it is also the case that accomplice testimony is of such a nature that it must be scrutinized with great care and viewed with special caution. Like the testimony of any other witness, an accomplice's testimony should be given such weight as it deserves in light of all the facts and circumstances.

I have given you some general considerations on credibility, and I am not going to repeat those here, nor will I repeat the arguments that have been made by both sides. However, let me say a few things that you may want to consider during your deliberations on the subject of accomplices.

The fact that a witness is an accomplice should be considered by you as bearing on his or her credibility. However, it does not follow that, simply because a person has admitted participation in one or more of the crimes, he is incapable of giving a truthful version of what happened. You should, of course, consider whether the testimony was motivated by reward or self-interest or hostility to the defendant. You should ask yourself whether the so-called accomplice would benefit more by lying or by telling the truth. For example, was his testimony made up in any way because he believed that he would somehow receive favorable treatment by

testifying falsely? Or did he believe that his or her interest would best be served by testifying truthfully?

As another example, if you believe a witness was motivated by personal gain, was the motivation one that would cause him or her to lie, or was it one that would cause him or her to tell the truth? And did this motivation color his or her testimony?

Obviously, you should reject the testimony if you find it was false. However, if after a cautious and careful examination of the testimony and the witness's demeanor, you are satisfied that the testimony is true, you should accept it as credible and act on it accordingly. You may also accept parts and reject parts of the testimony of an accomplice or any witness, as I have earlier explained.

You have heard testimony and arguments regarding an agreement between the Government and these accomplice witnesses. It is of no concern of yours why the Government has made an agreement with a witness. Your sole concern is to decide whether the witness has given truthful testimony in this Court before you.

In sum, you should look to all the evidence in deciding what credence and what weight, if any, you will give to the testimony of the accomplice witnesses.

### S.     False Exculpatory Statements

You have heard testimony that a defendant made statements in which he claimed that his conduct was consistent with innocence and not with guilt. The Government claims that these statements in which the defendant exculpated himself are false. If you find that the defendant gave a false statement to divert suspicion from his scheme, you may infer that the defendant believed that he was guilty. You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of the crime with which he is charged.

Whether the evidence as to a defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

### T.      Uncalled Witnesses – Equally Available

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify. I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

### U.      Persons Not on Trial

You may not draw any inference, favorable or unfavorable, toward the Government or the defendants from the fact that any person was not named as a defendant in this case, and you may not speculate as to the reasons why other persons are not on trial before you now. Those matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

### V.      Preparation of Witnesses

You have heard evidence during the trial that certain witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I instruct you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits

15

before being questioned about them here. In fact, it would be unusual for a lawyer to call a witness without such meetings.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

### W.   Stipulations

In this case you have heard evidence in the form of stipulations of fact. A stipulation of fact is an agreement between the parties that a certain fact is true. You must regard such agreed upon facts as true.

### X.   Punishment is Not to be Considered by the Jury

The question of possible punishment of a defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the court. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon the defendant, if the defendant is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

### II.   INSTRUCTIONS ON THE CHARGE AGAINST THE DEFENDANTS

I will turn now to my instructions on the law to be applied to this case with respect to the particular charge brought against the defendants.

### A.   The Indictment

The defendants, David Brend and Gustavo Rodriguez, are formally charged in what is called an Indictment. An Indictment is simply an accusation. It is no more than the means by which a criminal case is started. It is not evidence. It is not proof of a defendant's guilt. It creates

no presumption, and it permits no inference that a defendant is guilty. You are to give no weight to the fact that an Indictment has been returned against the defendants.

I will first summarize the offense charged in the Indictment and then I will read the Indictment to you.

The Indictment contains a total of one count, or charge. That count charges that David Brend and Gustavo Rodriguez participated in a conspiracy to commit wire fraud from at least in or about May 2018 to in or about December 2019.

Specifically, Count One of the Indictment charges the defendants with violating 18 U.S.C. § 1349 by participating in a conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1343. Section 1349 provides, in relevant part:

> Any person who attempts or conspires to commit any offense under this chapter [commits a crime].

Section 1349 refers to offenses under "this chapter," which includes Section 1343, which is wire fraud. I will discuss the elements of that crime later in this instruction.

I will now read the Indictment to you. [Indictment read to the jury]

The defendants deny that they are guilty of the charge in the Indictment.

### B.     Structure of the Indictment

You will note that the word "and" is used between charging words in the Indictment. For example, the Indictment charges that the defendants "combine[d], conspire[d], confederate[d], and agree[d] together and with each other to commit wire fraud."

You should treat the conjunctive "and" as it appears in the Indictment as being a disjunctive "or." Thus, it is enough, for example, that the proofs show that the defendants combined, conspired, confederated, or agreed together and with each other to commit wire fraud.

17

In addition, it does not matter if the Indictment charges that a specific act occurred on or about a certain date, and the evidence indicates that, in fact, it was on another date. The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by testimony or exhibits. Further, it is not required that each defendant committed a charged crime throughout the entire time period charged in a particular count; it is sufficient for the Government to prove beyond a reasonable doubt that at some time during the period charged in the Indictment, the defendant you are considering participated in the charged crime.

### C.      Consider Each Defendant Separately

There are two defendants on trial before you, Mr. Brend and Mr. Rodriguez. In reaching a verdict, however, you must bear in mind that your consideration of whether the government has proven that an individual is guilty or not is an individualized determination. Your verdict as to each defendant must be determined separately with respect to him, solely on the evidence, or lack of evidence, presented against him without regard to the guilt or innocence of anyone else.

### D.      Conspiracy: General Instructions

Before I give you more specific instructions about Count One, let me explain generally about the crime of conspiracy. A conspiracy is a kind of criminal partnership, a combination or agreement of two or more persons to join together to accomplish some unlawful purpose. The crime of conspiracy, or agreement, to violate a federal law as charged in the Indictment, is an independent offense. It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as, "substantive crimes." Indeed, you may find the defendant you are considering guilty of the crime of conspiracy to commit wire fraud, that is, guilty of agreeing with another to commit wire fraud, even if the substantive crime of wire fraud, which was the object of the conspiracy, was not actually committed.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful. This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct and increases the likelihood of success of a particular criminal venture. Each member of a conspiracy may perform separate and individual acts. Some conspirators play major roles, while others play minor roles in the scheme. The law does not require that each member of the conspiracy play an equal role. When people enter into a conspiracy to accomplish an unlawful end, they become agents and partners of one another in carrying out the conspiracy. In fact, even a single act or agreement may be sufficient to draw a defendant within the scope of a conspiracy.

### E.    Count One – Conspiracy: Elements of the Offense

To sustain its burden of proof with respect to Count One, the Government must prove beyond a reasonable doubt each of the following two elements:

First, the existence of the conspiracy charged in Count One. In other words, the Government must prove that, from at least in or about May 2018 up to and including in or about December 2019, or any portion of that time period, there was, in fact, an agreement or understanding among two or more persons to commit wire fraud.

Therefore, the first question for you on Count One is: Did the conspiracy alleged in Count One of the Indictment exist?

Second, the Government must prove that the defendant you are considering knowingly and willfully joined the conspiracy charged in Count One.

Now, let us separately consider the two elements. First, the existence of the conspiracy; and, second, whether the defendant knowingly and willfully joined the conspiracy.

### 1.     Conspiracy: First Element – Existence of the Conspiracy

The first element that the Government must prove, beyond a reasonable doubt, is that the conspiracy actually existed. A conspiracy is an agreement or an understanding of two or more persons to accomplish an unlawful or criminal purpose by joint action. Count One of the Indictment alleges that the unlawful purpose of the conspiracy was to commit wire fraud.

In order for the government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement; indeed, a single conspiracy may encompass members who neither know one another's identities, nor specifically know of one another's involvement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof.  However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.

In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words. In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.

In considering this first element, you should consider all the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator and such inferences as may be reasonably drawn from them. It is sufficient to establish the existence of the conspiracy, as I've already said, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding way to accomplish, by the means alleged, the objective of the conspiracy.

In this case, Count One of the Indictment charges that the objective of the conspiracy was to commit wire fraud, in violation of 18 U.S.C. § 1343.

In a moment I will instruct you about the elements of that object crime, that is, the elements of wire fraud. If you find that the conspirators agreed to accomplish that objective, then the illegal purpose element will be satisfied.

### 2.    Conspiracy: Second Element – Membership in the Conspiracy

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count One existed, then you must next determine whether the defendant you are considering knowingly and willfully joined that conspiracy.

What do I mean by "knowingly and willfully" joining the conspiracy? To act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently. To act "willfully" means to act voluntarily and with a wrongful purpose.

In the context of a conspiracy, it is not necessary that a defendant be fully informed as to all the details of the conspiracy, or have known the identities of each and every member of the conspiracy, or be apprised of all of the co-conspirators' activities, in order to justify an inference of knowledge on his part. To have guilty knowledge, the defendant need not have known the full extent of the conspiracy or all of its activities or all of its participants.

Nor is it necessary that a defendant receive any monetary benefit from participating in a conspiracy, or that he has a financial stake in the outcome, so long as he, in fact, participated in the conspiracy in the manner I have explained. However, you are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant you are considering had such an interest, that is a factor which you may properly consider in determining whether or not the defendant you are considering was a member of the conspiracy charged in the Indictment.

The duration and extent of a defendant's participation has no bearing on the issue of his guilt. A conspirator's liability is not measured by the extent or duration of his or her participation. Indeed, each member of the conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators may play major roles while others play minor roles in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.

I want to caution, however, that a defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy. Similarly mere association with one or more members of the conspiracy does not by itself make a defendant a member. A person may know, or be friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy.

I also want to caution you that mere knowledge of or acquiescence to, without participation in, the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy does not make a defendant a member of the conspiracy. More is required under the

law. What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

Because the crime charged is conspiracy, the Government does not have to prove that the goal of the conspiracy was achieved. Thus, it does not matter whether wire fraud was actually committed. The crime of conspiracy is complete when an unlawful agreement is made to commit a crime, even if no member of the conspiracy actually commits the crime that is the goal of the conspiracy.

If you find that the Government has proven both elements of conspiracy to commit wire fraud, beyond a reasonable doubt, as to the defendant you are considering, then you must find that defendant guilty. On the other hand, if you find that the Government failed to prove one or more elements of conspiracy to commit wire fraud as to that defendant, then you must find that defendant not guilty. Either way, you will record your verdict on the Verdict Sheet.

### F. Wire Fraud – Summary

The Indictment charges that the objective of the conspiracy was to commit wire fraud, in violation of 18 U.S.C. § 1343. That statute provides in relevant part:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio or television communications in interstate, or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be [guilty of a crime].

I will now instruct you on the elements of wire fraud.

### G. Wire Fraud – Elements of the Offense

The object of the alleged conspiracy—wire fraud—has the following three elements:

First, that in or about the times alleged in the Indictment, there was a scheme or artifice to defraud others of money or property by means of materially false or fraudulent pretenses, representations, or promises;

Second, that the defendant knowingly devised or participated in the scheme or artifice to defraud, with specific intent to defraud; and

Third, that in the execution of that scheme, the defendant himself used, or caused the use by others, of interstate or foreign wires.

Here, of course, since the Indictment alleges that wire fraud is the object of the charged conspiracy, what the Government must prove beyond a reasonable doubt is that the conspirators agreed that the elements of wire fraud would be satisfied, and not that the wire fraud itself actually occurred.

### 1.   Wire Fraud: First Element – Existence of a Scheme or Artifice to Defraud

The first element of wire fraud is the existence of a scheme or artifice to defraud others of money or property by means of materially false or fraudulent pretenses, representations, or promises.  I will now explain to you what these terms mean.  They are almost self-explanatory.

A "scheme or artifice" is simply a plan, device, or course of conduct to accomplish an objective.  "Fraud" is a general term.  It is a term that includes all the possible means by which a person seeks to gain some unfair advantage over another person by false representations, false suggestion, false pretenses, or concealment of the truth.  The unfair advantage sought can involve money, property, or any other thing of value.

Thus, a "scheme to defraud" is merely a plan to deprive another of money or property by trick, deceit, deception or swindle.

The scheme to defraud here is alleged to have been carried out by making false or fraudulent statements, representations, claims, and electronic documents or websites. A statement, representation, claim, or document is false if it was untrue when made and was then known to be untrue by the person making it or causing it to be made.  A representation or statement is fraudulent if it was falsely made with the intention to deceive.  Deceitful statements of half-truths or involving the concealment of material facts or the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statute. If there is deception, the manner in which it is accomplished is immaterial. You may also find the existence of such a scheme if you find that the defendant in question conducted himself in a manner that departed from traditional notions of fundamental honesty and fair play in the general business life of society.

The deceptive means that are prohibited are also not limited to active misrepresentations or lies told to the intended victim of the scheme. Just as affirmatively stating facts as true when the facts are not true may constitute a false representation, the law recognizes that false representations need not be based on spoken words alone. The deception may arise from the intentional omission or concealment of facts that make what was written, said, or done deliberately misleading. The misrepresentation may be written, oral, or arise from a course of conduct intended to communicate false facts to the intended victim.

The false representations and pretenses must be "material." We use the word "material" to distinguish between the kinds of statements we care about and those that are of no real importance. A "material" fact is one which reasonably would be expected to be of concern to a reasonable and prudent person relying on the statement in making a decision.  That means if you find a particular statement of fact to have been untruthful, before you can find that statement or

25

omission to be material, you must also find that the statement or omission was one that would have mattered to a reasonable person in making such a decision. In particular, you must find that the statement or omission was one that would have mattered to a reasonable person in a pecuniary or monetary way. Actual reliance by the person on the representation is not required; it is sufficient if the representation is one that is capable of influencing the person's decision and is intended by the defendant to do so. The Government need not prove an actual loss of money by an intended victim. Likewise, it is not necessary for the Government to establish that the defendant actually realized any gain from the scheme, or that he personally originated the scheme to defraud. What matters is whether there existed a scheme to defraud.

Furthermore, it does not matter whether the victim might have discovered the fraud had it probed further or whether the victim did discover the fraud and failed to act upon that discovery.

If you find that a scheme or artifice existed, it is irrelevant whether you believe that the victim was careless, gullible, or even negligent. A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case. If you find that the Government has sustained its burden of proof that a scheme to defraud others of money or property did exist, as charged, you next should consider the second element.

### 2.    Wire Fraud: Second Element – Participation in Scheme with Intent to Defraud

The second element is that the defendant you are considering devised or participated in the scheme or artifice to defraud knowingly and with an intent to defraud.

The words "devised" and "participated" are words that you are familiar with and, therefore, I do not need to spend much time defining them for you. To "devise" a scheme to defraud is to concoct or plan it. To "participate" in a scheme to defraud means to associate oneself with it with a view and intent toward making it succeed. While a mere onlooker is not a

participant in a scheme to defraud, it is not necessary that a participant be someone who personally and visibly executes the scheme to defraud.

As I explained to you earlier, to act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently. A person acts "intentionally" if he acts deliberately and purposefully; that is, the actions of the defendant you are considering must have been his conscious objective rather than the product of mistake, accident, negligence, or some other innocent reason. Thus, "intent to defraud" means to act knowingly and with the specific purpose of wrongfully obtaining money or property of another person or entity through fraudulent means.

To satisfy this element, I remind you that it is not necessary for the Government to establish that a defendant originated the scheme to defraud. It is sufficient if you find that a scheme to defraud existed, even if originated by another, and that the defendant, while aware of the scheme's existence, knowingly participated in it.

It is also not required that the defendant participate in or have knowledge of all of the operations of the scheme. The guilt of the defendant is not governed by the extent of his participation.

It also is not necessary that the defendant have participated in the alleged scheme from the beginning. A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all of its details, and intentionally acts in a way to further the unlawful goals, becomes a member of the scheme and is legally responsible for all that may have been done in the past in furtherance of the criminal objective and all that is done thereafter.

Even if the defendant participated in the scheme to a lesser degree than others, he is nevertheless equally guilty, so long as the defendant became a member of the scheme to defraud with knowledge of its general scope and purpose.

It is not necessary for the Government to prove that the defendant you are considering was motivated solely by improper considerations. The Government will have satisfied its burden of proof on this element if you find that the defendant you are considering had an intent wrongfully to obtain funds of another, even if that defendant also had other proper or neutral reasons for his actions.

The question of whether a person acted knowingly and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves the defendant's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. Indeed, it would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense." Using your common sense means that, when you come to decide whether the defendant you are considering possessed or lacked an intent to defraud, you need not limit yourself to just what the particular defendant

said, but you may also look at what the defendant did and what others did in relation to the defendant and, in general, everything that occurred.

### a.  Good Faith

Since an element of wire fraud is intent to defraud, good faith is a complete defense to the charge.   A defendant acted in good faith if he honestly believed, even if mistaken, that all material facts were true and disclosed and did not act knowingly or with the specific purpose of wrongfully obtaining money or property of another person or entity through fraudulent means. The burden is on the Government to prove intent, and the consequent lack of good faith, beyond a reasonable doubt.  A defendant is under no burden to prove his good faith.

### b.  Conscious Avoidance

As I just explained, the Government is required to prove that the defendant acted knowingly, as I have already defined that term. In addition to a person actually being aware of a fact, the law also allows you to find that the defendant had knowledge of a fact when the evidence shows that he was aware of a high probability of that fact but intentionally avoided confirming that fact. The law calls this "conscious avoidance" or "willful blindness."

In determining whether the Government has proven beyond a reasonable doubt that the defendant you are considering acted knowingly with respect to the offense charged in the Indictment, you may consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him. One may not willfully and intentionally remain ignorant of a fact important to his conduct in order to escape the consequences of criminal law.

Thus, if you find beyond a reasonable doubt that the defendant you are considering acted with a conscious purpose to avoid learning some relevant fact, then you may treat the defendant as though he knew that the fact existed. However, guilty knowledge may not be established by

demonstrating that the defendant was merely negligent, foolish, or mistaken, and you may not rely on willful blindness as the basis for treating the defendant as though he was aware of the existence of a fact if you find that the defendant actually believed that the fact did not exist. It is entirely up to you whether you find that the defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

In determining whether the defendant you are considering acted knowingly, you may consider whether he deliberately closed his eyes to what otherwise would have been obvious. Thus, if you find beyond a reasonable doubt that the defendant you are considering knew there was a high probability that a criminal offense was being committed, but deliberately and consciously avoided confirming this fact, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge, unless you find that the defendant actually believed that he was acting in a lawful manner.

Here, because the defendants are charged with participating in a conspiracy, it is important to note that the concept of conscious avoidance cannot be used as a substitute for finding that the defendants knowingly agreed to a joint undertaking, and you can only find the defendants guilty if the evidence proves, beyond a reasonable doubt, that the defendant you are considering knowingly and willfully was or became a member of the conspiracy charged in the Indictment, and that he became a member with knowledge of its criminal goal, willfully and intending by his actions to help it succeed. However, if you find beyond a reasonable doubt that the defendant you are considering entered into such an agreement, you may—if the evidence proves it beyond a reasonable doubt—rely on a finding of conscious avoidance to decide whether he knew that the specific objective or goal of that agreement was to engage in wire fraud.

### 3.      Wire Fraud: Third Element – Use of Interstate Wire

The third and final element is that interstate or foreign wire facilities were used in furtherance of the scheme to defraud.

Wires include telephones, faxes, e-mail, internet communication, radios, television, and text and WhatsApp messages. A wire communication also includes a wire transfer of funds between banks. "Interstate" just means that a wire communication passes between two or more states. "Foreign" just means that a wire communication passes between the United States and another country, in either direction. The use of the wire need not itself be fraudulent. Stated another way, the wire communication need not contain any fraudulent representation, or even any request for money. It is sufficient if a wire is used to further or assist in carrying out the scheme to defraud.

It is not necessary for the defendant to be directly or personally involved in any wire communication, as long as the communication is reasonably foreseeable in the execution of the scheme to defraud in which the defendant is accused of participating.

In this regard, it would be sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others; and this does not mean that the defendant himself must have specifically authorized others to execute a wire communication. When one does an act with knowledge that the use of the wire will follow in the ordinary course of business, such as a wire transfer between banks, or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used.

Incidentally, this wire communication requirement is satisfied even if the wire communication was done by a person with no knowledge of the fraudulent scheme, including the intended victim of the fraud.

Only a wire communication must be reasonably foreseeable, not its interstate component. Thus, if you find that the wire communication was reasonably foreseeable and the interstate wire communications actually took place, then this element is satisfied, even if it was not foreseeable that the wire communication would cross state lines.

The Government must establish that the wire fraud that is the object of the conspiracy charged in the Indictment contemplated the use of a wire as charged in the Indictment.

### H.      Liability for Acts and Declarations of Coconspirators

I have admitted at this trial evidence of acts and statements of other individuals when such acts were committed and such statements were made by a person who, the Government claims, was also a co-conspirator of the defendants, even if each defendant was not present for those acts and statements.

The reason for allowing this evidence has to do with the nature of a conspiracy. Under the law, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent or partner for the other conspirators in carrying out the conspiracy.

Therefore, you may consider against the defendant you are considering any acts or statements made by anyone you find to have been his coconspirator, even if such acts or statements were not made in his presence or with his knowledge. Acts or statements made in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts or statements of all of the members, and all of the members are responsible for such acts or statements.

### I.      Limiting Instruction

The defendants are only charged with a conspiracy to commit wire fraud with respect to IcomTech and not any other cryptocurrency multilevel marketing businesses that you may have heard about during this trial. You may only consider the other multilevel marketing businesses insofar as they provide background or additional evidence regarding IcomTech and those involved with it, or are probative of a defendants' intent, knowledge, or lack of mistake regarding IcomTech.

### J.      Venue

In addition to all the elements of the charged crime that I have described for you, you must decide whether any act in furtherance of the charged crime occurred within the Southern District of New York. The Southern District of New York encompasses Manhattan, the Bronx, Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan counties. Anything that occurs in the counties I have listed for you occurs in the Southern District of New York.

With respect to conspiracy, the Government need not prove that any crime was completed in this district or that the defendant or any of their coconspirators were physically present here. Rather, venue is proper in this district if any of the defendants or coconspirators caused any act or event to occur in this district in furtherance of the offense, and it was reasonably foreseeable to the defendant that you are considering that the act would take place in the Southern District of New York.

I should note that on this issue the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. A "preponderance of the evidence" means that the Government must prove that it is more likely than not that the charged crime, or any act in furtherance of that crime, occurred in the Southern District of New York.

### III.    DELIBERATIONS OF THE JURY

Ladies and gentlemen of the jury, that concludes the portion of my instructions to you regarding the particular charges in this case.  You are about to go into the jury room and begin your deliberations. Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendants with respect to the Indictment. I will now give you a few final instructions on those deliberations.

### A.    Selection and Duties of Foreperson

The first thing that you should do when you retire to deliberate is to select one of you to function as your foreperson.  Traditionally Juror Number 1 serves as the foreperson, but that is not mandatory.  You are free to select any member as your foreperson.  The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the court.  The foreperson will send out any notes, and when the jury has reached a verdict, the foreperson will notify the marshal that the jury has reached a verdict, and you will come into open court to present the verdict.

### B.    Duty to Deliberate; Unanimous Verdict

You are not to discuss the case unless and until all jurors are present.  A majority of jurors together is only a gathering of individuals.  Only when all jurors are present do you constitute the jury, and only then may you deliberate.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obligated on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

The government, to prevail, must prove the essential elements by the required degree of proof, as already explained in these instructions. If it succeeds, your verdict should be guilty; if it

34

fails, it should be not guilty. To return a verdict, it is necessary that each juror agree to it. In other words, your verdict must be unanimous.

Your function is to weigh the evidence in the case and determine whether or not each defendant is guilty, solely upon the basis of such evidence. Unanimity is required with respect to each defendant on the charged count.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors. That is the very purpose of jury deliberation—to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence—if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Please remember, you are not partisans. You are judges — judges of the facts — not representatives of a constituency or cause. Your sole interest is to seek the truth from the evidence in this case.

Let me also remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law. Under your oath as jurors, you are not to be swayed by sympathy. You are to be guided solely by the evidence presented during the trial and the law as I have given it to you, without regard to the consequences of your decision.

You have been chosen to try issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with clear thinking, there is a risk you will not come to a just result. Both sides are entitled to a fair trial. You are to make a fair and impartial decision so that you come to a just verdict.

Your final vote must reflect your conscientious conviction as to how the issues should be decided. Your verdict, whether guilty or not guilty, must be unanimous.

### C.      Right to See Exhibits and Hear Testimony; Communication with the Court

All of the exhibits admitted into evidence will be sent to the jury room with you.  If you want any of the testimony read, you may request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.

Your requests for testimony – in fact any communications with the Court – should be made to me in writing, signed, dated, and timed by your foreperson, and given to one of the marshals.  Please make any notes as clear and precise as possible. I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person. If you are divided, do not report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

### D.      Notes

Some of you have taken notes periodically throughout this trial.  I want to emphasize to you, as you are about to begin your deliberations, that notes are solely to assist you as an aid to your memory.  Do not share your notes with other jurors during deliberations.  Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence

presented or what conclusions, if any, should be drawn from such evidence.  All jurors'
recollections are equal.  If you can't agree on what you remember the testimony was, you can
ask to have the transcript read back.

### E.   Verdict Form

In a few moments, I will give you the verdict form with the questions for you to answer
and you will retire to deliberate on your decision.  The form is not evidence in this case and
nothing in it should be taken to suggest or convey any opinion by me as to what the verdict
should be. Nothing in the form replaces the instructions of law that I've already given you. And
nothing in it replaces or modifies the instructions about the elements the Government must prove
beyond a reasonable doubt.  The form is meant only to assist you in recording your verdict, and
ultimately, indicating your verdict and announcing it in court.

### F.   Return of Verdict

After you have reached a verdict, your foreperson will fill in the verdict form that has
been given to you, you will all sign and date it. Your foreperson will then advise the marshal
outside your door that you are ready to return to the courtroom for the foreperson to announce
the verdict.  Your foreperson will then bring the verdict form into the courtroom when I bring
you back into the courtroom to announce the verdict.

I stress again that each of you must be in agreement with the verdict which is announced
in court.  Once your verdict is announced and officially recorded, it cannot ordinarily be revoked.

## IV.   CONCLUSION

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your
fellow jurors, consider all of the evidence, apply your own common sense, and follow my
instructions on the law, you will reach a fair verdict here.  Thank you for your time and
attentiveness.

**22-cr-00551-JLR USA v. Brend et al.,**



**Date:** 3/14/24

**Time:** 12:17pm

**Signature of Foreperson:** Jesse Misid

Can we please see if we can get control F enabled to search the messages?

EXHIBIT
3/14/24
11

**22-cr-00551-JLR USA v. Brend et al.,**

**Date:** 3/14/24

**Time:** 12:48 pm

**Signature of Foreperson:** Jesse Musin

Can we please have more water? and soda and cookies?
- if it isn't already scheduled

EXHIBIT

12

3/14/2024

**22-cr-00551-JLR USA v. Brend et al.,**

**Date:** 3/14/24

**Time:** 2:49pm

**Signature of Foreperson:** _Jesse Musrh_

Can we please speak with the deputy?

EXHIBIT
13
3/14/2024

**22-cr-00551-JLR USA v. Brend et al.,**

**Date:** 3/14/24
**Time:** 2:49pm
**Signature of Foreperson:** *Jesse Musrh*

Can we please speak with the deputy?

Please indicate by Note any needs or
questions that you have.

*Jennifer Rochon*, USDJ

We have a question about our identify and the
confidentiality of it post trial. Names were written
during jury selection. & some concerns around that.

*Jesse Mrin*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

DAVID BREND and GUSTAVO
RODRIGUEZ,

Defendants.

Case No. 22 cr. 551 (JLR)

JENNIFER L. ROCHON, United States District Judge:

**<u>VERDICT FORM</u>**

**Please indicate your verdict with a check mark (✓). Your verdict must be unanimous.**

**COUNT ONE: Conspiracy**

On the sole count of the indictment, participating in a conspiracy to commit wire fraud, how do you find the defendant, **DAVID BREND**, not guilty or guilty?

Not Guilty _____          Guilty ✓_____

On the sole count of the indictment, participating in a conspiracy to commit wire fraud, how do you find the defendant, **GUSTAVO RODRIGUEZ**, not guilty or guilty?

Not Guilty _____          Guilty ✓_____

*(Please proceed to the last page, page 2)*

**Please proceed to the signature line below.**

**SIGNATURE LINE**

Foreperson and other jurors, please sign and date the verdict sheet. Then, without disclosing your verdict, advise the Marshal that you have reached a verdict and are ready to return to the courtroom for the announcement of the verdict.



Dated:   3/14/2024

2